[L. A. No. 7071. In Bank.—June 18, 1923.[1]]

## MARY E. WILLARD et al., Respondents, v. CAROLINE W. DOBBINS, etc., et al., Appellants.

[1] CORPORATIONS — VIOLATION OF SECTION 309, CIVIL CODE — ACTION AGAINST DIRECTORS—EVIDENCE—PRIMA FACIE CASE.—In an action by judgment creditors of a corporation against all of its directors to recover the amount of the judgment upon the theory that there had been a distribution of the assets of the corporation among the defendants contrary to the provisions of Section 309 of the Civil Code, which prohibits the division or withdrawal or payment to the stockholders of any part of the capital stock until the corporate debts are first paid, by paying a part of the proceeds from the sale of all the corporation's properties to all the corporation's creditors, except plaintiffs, and by devoting the remainder of such proceeds to the satisfaction of an alleged indebtedness to another corporation, of which all the defendants were likewise directors, and by paying such remainder, at the latter corporation's request, to two of the defendants to whom the latter corporation was alleged to be indebted, a *prima facie* case was made out by plaintiff where the answer of the defendants admitted that they constituted all of the directors of the corporation debtor and that they had sold the entire assets of that corporation and with the proceeds had paid its creditors and had turned over the remainder to two of said defendants, and when, after such admissions, the plaintiffs introduced their judgment against the corporation debtor showing that they were its creditors.

---

[1] Date changed to February 21, 1923, by order set forth at end of opinion.

[2] ID.—DEFENSE—BURDEN OF PROOF.—In such an action, the plaintiffs having made out a *prima facie* case, the burden thereupon shifted to the defendants to prove the defense set up in their answer, namely, that the payments to two of the defendants were on account of existing indebtedness from the corporation debtor to another corporation, and from the latter in turn to said two defendants.

[3] ID.—FINDING—EVIDENCE.—In such an action, the trial court was justified in concluding that the so-called corporation debtor was not indebted to the other corporation in a stated amount.

[4] ID.—STATUTE OF LIMITATIONS.—The action in question being one for a violation of section 309 of the Civil Code was not barred by the statute of limitations, since said section, prior to 1917, provided that "no statute of limitations is a bar to any suit against such directors for any sums for which they are liable by this section," and as subsequently amended provided that it shall not apply to any right, cause of action, or liability then existing, which it declared shall be prosecuted in the same manner and with the same effect as if the amendment had not been passed.

[5] ID. — CAUSE OF ACTION UPON JUDGMENT — TIME OF ACCRUAL. — A cause of action upon a judgment does not accrue until the judgment becomes final.

APPEAL from a judgment of the Superior Court of Los Angeles County. Russ Avery, Judge. Affirmed.

The facts are stated in the opinion of the court.

Porter & Sutton for Appellants.

Ernest C. Griffith, Jesse F. Waterman and Denis & Loewenthal for Respondents.

KERRIGAN, J.—This is an action by plaintiffs against defendants to recover the amount of a judgment obtained against the Valley Gas & Fuel Company, a defunct corporation, of which the defendants were directors.

The complaint is based upon the theory that there had been a distribution of the assets of the Valley Gas & Fuel Company among the defendants contrary to the provisions of section 309 of the Civil Code, leaving the plaintiffs with no means of satisfying the judgment against that corporation.

Section 309 of the Civil Code in part provides that the directors of a corporation must not, until after the debts

of the corporation are paid, divide or withdraw or pay to the stockholders or any of them any part of the capital stock; and for a violation of the provisions of that section the directors under whose administration the same may happen are, in their individual capacity, jointly and severally liable to the corporation and the creditors thereof to the full amount of the capital stock so divided. The section also provided, prior to the amendment of 1917, that no statute of limitations was a bar to any suit against such directors for any sums for which they were liable by that section.

In the year 1910 the home of plaintiff, Mary E. Willard, which was partly insured by the plaintiff corporation, was destroyed by fire. Thereafter these plaintiffs brought an action against the Valley Gas & Fuel Company, alleging that the destruction of said premises was caused by its negligence. Judgment was obtained for the value of the property destroyed, and an appeal was taken and the judgment reversed. The action was retried, judgment again rendered in favor of the plaintiffs, another appeal was taken and the judgment with a slight modification was affirmed.

Prior to the second appeal taken to this court, the Valley Gas & Fuel Company and the California Coke & Gas Company sold all of their property to the Los Angeles Gas & Electric Company for the net price of approximately $160,000. At the time of the sale of the properties to the Los Angeles Gas & Electric Company appellant, Caroline W. Dobbins, held $145,000 par value of an authorized bond issue of the Coke Company secured by a deed of trust against its real property, and which had been issued to her in exchange for stock in the Valley Gas & Fuel Company.

Before the payment of the proceeds of said sale to the Valley Gas & Fuel Company the bonds of the Coke Company held by Mrs. Dobbins had been released of record in order to comply with the terms of the agreement requiring clear title to the Coke Company's property before payment over of the purchase price. Mrs. Dobbins was, therefore, at the time the distribution of the funds derived from such sale was made, a general creditor without security. It also appeared in evidence introduced by defendants that the Coke Company was indebted to Mrs. Florence Dobbins Lowe in the sum of $10,000. The books of account of both cor-

porations purported to show, and the testimony of Thaddeus Lowe, who was the president of each of them, was to the effect that in the distribution of the assets $115,000 was paid to Mrs. Dobbins and $10,000 to Mrs. Lowe on account of money due them from the Coke Company; that the Valley Gas & Fuel Company owed the Coke Company for cash advanced the sum of $172,000, and that these payments were in reduction or satisfaction of the indebtedness of the Valley Gas & Fuel Company to the Coke Company.

The trial court found that the plaintiffs had obtained a final judgment against the Valley Gas & Fuel Company approximately for $13,000 with interest and costs, that at all the times mentioned thereafter the defendants were stockholders and constituted all the directors of the Valley Gas & Electric Company; that they were also all the stockholders and directors of the Coke Company; that on the twentieth day of May, 1913, all the properties of both these corporations were sold to the Los Angeles Gas & Electric Company for the sum of approximately $160,000; that of this sum the Coke Company was entitled to approximately $48,000 and the Valley Gas & Electric Company to $112,000; that the whole of the proceeds of the sale were paid to the Valley Gas & Fuel Company. The court also found that immediately following the receipt of the proceeds of said sale the appellants, as directors of the Valley Gas & Fuel Company, distributed approximately $35,000 in payment of various debts of said company, and that all the creditors, other than these plaintiffs, were thereby paid in full; that on the twenty-second day of May, 1913, the defendants paid the entire balance of the fund to two of their number, to wit, Caroline W. Dobbins, the sum of $115,000, and to Florence Dobbins Lowe the sum of $10,000; that after the making of these payments, nothing remaining of the capital or assets of the Valley Gas & Fuel Company, no further business was done by it and such company forfeited its charter and ceased to be a corporation on November 13, 1913. The court also found that the appellants agreed to make such payments at a joint meeting held by them as directers and stockholders of both of said corporations; that the Valley Gas & Fuel Company was not indebted to the Coke Company in the sum of $172,000, or in any other sum; that the

payments made to Mrs. Dobbins and Mrs. Lowe were made under "the guise, device, and subterfuge" partly of paying off bonds and partly of paying a claimed indebtedness of the Valley Gas & Fuel Company to the Coke Company by paying at the Coke Company's request said sums in satisfaction of the debts alleged to be owing Mrs. Dobbins and Mrs. Lowe by the Coke Company; and further, that such payments were made for the purpose of absorbing and distributing the remaining assets of the Valley Gas & Fuel Company in order to defeat the claims of plaintiffs and to divide the capital stock and the assets of the Valley Gas & Fuel Company between Mrs. Dobbins and Mrs. Lowe. Further, the court found that the bonds referred to were not the bonds of the Valley Gas & Fuel Company but were the bonds only of and a lien upon the property of the Coke Company, and that if any sums were necessary to discharge the same, it was not proper to pay for the retirement thereof more than such proportion of the proceeds of the sale as belonged to the Coke Company. Judgment was accordingly entered for the plaintiffs for the amount demanded. The main question in the case is whether or not the evidence is sufficient to sustain the findings of the court in plaintiffs' favor that the Valley Gas & Fuel Company was not indebted to the Coke Company in the sum of $172,000.

The answer of the defendants admitted that they constituted all of the directors of the Valley Gas & Fuel Company; that they had sold the entire assets of that corporation and with the proceeds had expended $35,000 in payment of *bona fide* claims of creditors of said corporation, and that, as above stated, they had paid $115,000 to Mrs. Dobbins and $10,000 to Mrs. Lowe. These matters having been thus admitted the plaintiffs introduced their judgment against the Valley Gas & Fuel Company showing that they were creditors of that corporation in approximately the sum of $13,000 and the plaintiffs thereupon rested.

[1] We think it can fairly be said that plaintiffs had proved sufficient facts to make a *prima facie* case. [2] The burden thereupon shifted to the defendants to prove the defense set up in their answer, namely, that the payments to Mrs. Dobbins and Mrs. Lowe were on account of existing indebtedness from the Valley Gas & Fuel Company to the Coke Company, and from the latter in turn

to Mrs. Dobbins and Mrs. Lowe. They attempted to prove
that the Valley Gas & Fuel Company was indebted to the
Coke Company and that the latter was indebted to Mrs.
Dobbins and Mrs. Lowe. After spending a great deal of
time in a vain effort to get the books of the two corpora-
tions in evidence over the objections of plaintiffs that no
foundation had been laid, in order to save time a stipulation
was entered into to the effect that ''the books show a claim
of the Coke Company against the Valley Gas & Fuel Com-
pany of $172,000. The testimony of Mr. Lowe will show
that his independent recollection was at that date this in-
debtedness or claimed indebtedness was this figure of ap-
proximately $172,000.'' This stipulation was immediately
coupled with the statement of counsel for plaintiffs: ''We
do not admit the correctness of the books or of the testi-
mony of Mr. Lowe.'' We think it can fairly be said that
this stipulation embodies substantially all of the evidence
offered by defendants in support of their claim of an ex-
isting indebtedness of the Valley Gas & Fuel Company on
account of which this money was paid. It is not sufficient
to compel a finding in favor of defendants upon this issue.
There was no evidence that any specific sum of money was
ever in fact loaned or advanced or paid by the Coke Com-
pany to the Valley Gas & Fuel Company. There was no
evidence of any fact or state of facts out of which an in-
debtedness from one to the other would arise, with the
possible exception of the testimony of Lowe to the effect
that at some time or other the Coke Company leased certain
property to the Valley Gas & Fuel Company at a rental of
$100 per month. The entries in the books of account touch-
ing the matter with which we are here concerned are meager
and fragmentary. We are inclined to think that the evi-
dence of the book entries falls short of the requisite proof.
But however that may be, the trial court was not compelled
or required to give it any weight whatever in view of other
facts which were either proved or admitted. As before
stated, some of them are as follows: The Valley Gas &
Fuel Company was organized by the defendants and its
capital stock was issued to them, the only consideration for
its issue being the transfer to it of certain patent rights.
The Coke Company was also organized by the defendants
and its stock issued to them in consideration of the trans-

fer to it of certain other patent rights. Then the defendants caused the Coke Company to issue bonds which they took from it in exchange for their shares of the Valley Gas & Fuel Company which they thereupon transferred to the Coke Company. The result of these transactions was that the Coke Company owned all of the capital stock of the Valley Gas & Fuel Company and the defendants in turn owned all the capital stock and all of the bonds of the Coke Company, for which they had paid nothing at all except the transfer of some patent rights, the value of which, if they had any value, is entirely unknown. Florence Dobbins Lowe is the daughter of Mrs. Dobbins and Thaddeus Lowe is the husband of the former, and Horace M. Dobbins is also the son of Mrs. Dobbins. The defendants at all times comprised the board of directors of both corporations, the fifth director being one McPherson, who was merely a salaried employee of the defendants, having no interest in either corporation. The defendant Lowe at all times was the manager of both corporations; the same employee was at all times bookkeeper for both corporations, and the accounts of both corporations were kept in the same set of books. [3] Under these circumstances the trial court might well and justly have concluded that the claimed indebtedness which the books purported to show amounted to nothing more than a series of bookkeeping entries which the defendants had caused to be made to suit their own purposes.

From what has been said it would appear that since the Coke Company was entitled to approximately $48,000 of the proceeds of the sale to the Los Angeles Gas & Electric Company, the payment of Dobbins and Lowe at the request of the Coke Company to the extent of that amount was authorized, but the remainder of the net receipts of the sale constituted the assets of the Valley Gas & Fuel Company, and the directors thereof acted in violation of the provisions of section 309 of the Civil Code when they distributed those assets amongst some of the holders of its stock without first paying the amount of plaintiffs' claim.

[4] There is no merit in the remaining point that plaintiffs' account is barred by the statute of limitations. The action was brought for the violation of section 309 of the Civil Code, as that section stood prior to the year 1917.

That section then contained a proviso that "no statute of limitations is a bar to any suit against such directors for any sums for which they are liable by this section." That section as amended in the year 1917 (Stats. 1917, p. 658), while omitting the above-quoted portion, still expressly provides that the section as amended shall not apply to any right, cause of action, or liability then existing, which it declared shall be prosecuted in the same manner and with the same effect as if the amendment had not been passed.

It may be added that this action having been commenced within eight months after the judgment upon which it is based became final, no statute of limitations has run against it. [5] A cause of action upon a judgment does not accrue until the judgment becomes final (*Feeney* v. *Hinckley,* 134 Cal. 467 [86 Am. St. Rep. 290, 66 Pac. 580]).

Judgment affirmed.

Myers, J., Waste, J., Lennon, J., Lawlor, J., and Seawell, J., concurred.

Rehearing denied.

On July 16, 1923, the court made and filed the following order:

Upon suggestion and application by affidavit of George J. Denis, on behalf of respondent, London Assurance Corporation, it appearing that Florence Dobbins Lowe, one of the appellants herein, died May 31, 1923, subsequent to the submission of the appeal to this court, and before the decision thereof, it is hereby ordered that the decision and judgment of this court, made and entered June 18, 1923, affirming the judgment appealed from, be, and the same is hereby, set aside. And it is further ordered and adjudged that said decision and judgment of this court, rendered in said cause, on the eighteenth day of June, 1923, with the opinion of the court therewith filed, be, and the same is hereby, rendered as of the date of the submission of said cause for decision to this court, to wit, February 21, 1923, and the clerk of this court is hereby ordered to enter said decision and opinion as of said last-named date. *Remittitur* to issue forthwith.