[Civ. No. 11123. First Appellate District, Division Two.—November 28, 1939.]

GEO. STULZ, Appellant, v. GEORGE V. C. BACON, Respondent.

Guy P. Johnson for Appellant.

Charles M. Frey for Respondent.

STURTEVANT, J.—The plaintiff commenced an action against the defendant to recover the amount due on an alleged judgment. The defendant appeared and filed a demurrer. In said demurrer he alleged that the complaint did

not state facts sufficient to constitute a cause of action against him; that the cause of action was barred by the provisions of subdivision 1 of section 336, subdivision 1 of section 337, and the provisions of section 343 of the Code of Civil Procedure. The trial court made an order sustaining the demurrer without leave to amend. From the judgment entered thereon the plaintiff appealed.

The form of the complaint filed by the plaintiff was a model of good pleading. Therefore the first attack has no merit. ■ It is not controverted that subdivision 1 of section 336 of the Code of Civil Procedure is the statute of limitations applicable to an action on a judgment. However it is settled law that the statute of limitations begins to run only after the date the judgment becomes final. (*Feeney* v. *Hinckley*, 134 Cal. 467 [66 Pac. 580, 86 Am. St. Rep. 290].) In the instant case the record shows that the judgment sued on was rendered May 19, 1933. It was rendered by the Justice's Court of Sacramento Township. The defendant in that action had thirty days after notice of the rendition of the judgment to file an appeal. Nothing to the contrary appearing we assume he had immediate notice of the rendition of the judgment. The time to appeal, therefore, expired June 18, 1933. That day was Sunday. The statute of limitations therefore commenced to run on June 19, 1933. (Code Civ. Proc., sec. 12a.) The statutory period of five years (Code Civ. Proc., subd. 1, sec. 336) would expire June 19, 1938, but this action was commenced on June 15, 1938. It is clear, therefore, that the action was commenced in time and that the trial court erred in sustaining the demurrer.

The judgment appealed from is reversed.

Nourse, P. J., and Spence, J., concurred.