[Civ. No. 12921.   Second Dist., Div. Three.   May 25, 1942.]

JNO. W. TURNER et al., Respondents, v. JAMES DONO-VAN, Appellant.

James Donovan in pro. per. for Appellant.

Vernon Bettin for Respondents.

WOOD (Parker), J.—In a prior action between these parties a money judgment in favor of plaintiffs was entered in October, 1931. Defendant appealed. Execution was not stayed, and upon levy of execution while the appeal was pending the judgment was satisfied partially. The judgment was affirmed, and the remittitur was filed on March 15, 1935.

The complaint in the present action, based upon the prior judgment, was filed in December, 1939. The answer denied only the allegation that the judgment became final on March 15, 1935 (when the remittitur was filed), and alleged that it

became final for all purposes of this action when the prior judgment was entered in October, 1931.

As affirmative defenses, the answer alleged: (1) that the judgment was enforceable under section 681 of the Code of Civil Procedure at any time within five years after entry thereof; that if, by reason of the appeal, the time until March 15, 1935, must be excluded from the five years within which execution may issue, then the judgment was still enforceable and this action may not be maintained; (2) that more than five years have elapsed from the date of entry of the judgment, and plaintiffs have an enforceable judgment under section 685 of the Code of Civil Procedure, and this action may not be maintained since it is a suit upon the same cause of action; and (3) that the time within which an action might be commenced under section 336 of the Code of Civil Procedure expired in October, 1936 (five years after entry of judgment), and any right of action is barred by the statute of limitations under said section 336.

The court found that the action was not barred by the statute of limitations, and rendered judgment for plaintiffs. Defendant appeals upon the judgment roll.

The principal question presented upon this appeal is whether the action is barred by the provisions of section 336, subdivision 1, of the Code of Civil Procedure. This section must be considered in connection with section 335 of that Code, which is: "The periods prescribed for the commencement of actions other than for the recovery of real property, are as follows:" Then follows section 336, which is in part: "Within five years: 1. An action upon a judgment . . . of any state within the United States." The inquiry arises as to when the period of five years commenced.

Appellant contends that it commenced at the time of the entry of the judgment in October, 1931; that a right of action, if any, based upon the judgment expired in October, 1936, and therefore was barred by the statute of limitations.

Respondents contend that such an action can be based only upon a judgment finally determining the controverted matters; that said period therefore commenced at the time the judgment became final, when the remittitur was filed in March, 1935, and the five years' statute of limitations had not expired when the complaint herein was filed in December, 1939.

Before an action based upon the former judgment could

be commenced properly, it was necessary that the cause of action should have accrued. The cause of action did not accrue until the issues between the parties had been determined finally.

Section 312 of the Code of Civil Procedure provides: ''Civil actions, without exception, can only be commenced within the periods prescribed in this title, after the cause of action shall have accrued. . . .'' Section 1049 of the same Code states: ''An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied.''

In *Feeney* v. *Hinckley*, (1901) 134 Cal. 467 [66 Pac. 580, 86 Am. St. Rep. 290], the action upon a judgment was commenced more than five years and less than six years after the entry of the judgment. No appeal was taken from the prior judgment, but the time within which an appeal could be taken was one year. On demurrer it was claimed that the action was barred by said section 336. The court said (p. 467): ''If the five years commenced to run from the date of entry, the demurrer was properly sustained. If, however, it commenced to run only when the judgment became a finality, when the rights of the parties were fixed by it, when it was admissible in evidence for or against either of them,—when, in short, a cause of action had accrued,—then, clearly, in case an appeal from the judgment be taken, the five years cannot be said to have commenced to run until final determination following such appeal, or in the event that no appeal be taken, then only when the time within which such an appeal might be taken has fully elapsed.''

In that case it was stated further (p. 470): ''It is the established rule and doctrine, then, that action will lie only upon a final judgment, and that in the generality of cases only such a judgment is admissible in evidence. If the five-years' statute of limitations is to commence to run from the date of the entry of judgment, the anomalous condition is presented of a *right* of action which may be barred before the *cause* of action has accrued.''

It was held that the action was not barred, the court stating further (p. 470): ''. . . the statute begins to run only when the right of action has accrued, and this, as has been said and shown, is after final determination on appeal, in the event that an appeal has been taken, or after passage of the time

in which an appeal might be taken, in the event that none has been.''

The case of *Feeney* v. *Hinckley, supra,* decided in 1901, has been quoted with approval at various times, including a comparatively recent date as hereinafter shown.

In *Willard* v. *Dobbins,* (1923) 191 Cal. 287, 294 [216 Pac. 1008], it is said: ''A cause of action upon a judgment does not accrue until the judgment becomes final (*Feeney* v. *Hinckley,* . . .).''

In *Stulz* v. *Bacon,* (1939) 35 Cal. App. (2d) 648, 649 [96 P. (2d) 369], it is said: ''However, it is settled law that the statute of limitations begins to run only after the date the judgment becomes final. (*Feeney* v. *Hinckley,* . . .)''

The case of *Jones* v. *Summers,* (1930) 105 Cal. App. 51, 53 [286 Pac. 1093], states: ''It has repeatedly been held that a cause of action upon a judgment does not accrue until the judgment becomes final, and that the statute of limitations does not commence running in such cases until the expiration of the time for appeal.''

It was stated in *Trenouth* v. *Farrington,* (1880) 54 Cal. 273, and other early California cases, that the statute begins to run from the entry of the judgment. The issue presented in those cases, however, was whether the statute began to run from the date of rendition or from the date of entry of the judgment. The actions were within the five year period if the time began to run from the date of entry, but not within it if the time began from the date of rendition. It therefore appears that such statement, that the statute runs from the entry, was limited in its application to an issue quite different from that involved in *Feeney* v. *Hinckley, supra,* and in the present case.

In support of his contention, appellant relies in part upon cases of other states, including Utah, Montana, Washington, Nevada, Alabama, North Carolina and Kansas. It is conceded in Freeman on Judgments (5th ed., vol. 2, § 1071) that the rule in most jurisdictions is that the statute of limitations begins to run from the date of entry of the judgment, but it is concluded therein that the California rule set forth in *Feeney* v. *Hinckley, supra,* is the theoretically correct and preferable rule. It is there stated (p. 2229): ''It would seem upon principle that a judgment should not be available as a cause of action until it has become a final and conclusive adjudication and merger of the claim or cause of action sued

upon.''; and (p. 2230): ''. . . the same reasons which have induced some courts to hold that the pendency of an appeal without supersedeas or stay or the mere unexpired right of appeal prevents a judgment from becoming an estoppel or bar, should equally prevent a judgment from becoming actionable under the same circumstances, since the evil consequences would be the same in both cases. It cannot be said, however, that the position here taken is established by the authorities, since they have rarely considered the matter from exactly this point of view.'' It is there stated further (p. 2230), referring to *Feeney* v. *Hinckley*, and other California cases: ''. . . the right to or pendency of an appeal defeats the operation of the judgment as an estoppel and prevents an action upon it.''

The judgment became final for the purposes herein involved when the remittitur was filed in March, 1935, and therefore this action was not barred by the statute of limitations.

█ Appellant's alleged defenses that this action may not be maintained for the reason that respondents had a judgment which was enforceable by execution under section 681 or section 685 of the Code of Civil Procedure, cannot be sustained. The question here is not whether respondents were entitled to an execution under one of these sections; or whether they were entitled to revive the judgment under section 685. The fact that one may be entitled to enforce an existing judgment by execution does not prohibit him from maintaining an action to obtain a new judgment for the balance due upon the former judgment. The ''. . . enforcement of a judgment by execution and by action cannot properly be placed upon the same basis since they are different both in theory and results.'' (Freeman on Judgments, *supra*, § 1071, p. 2231.)

The judgment is affirmed.

Schauer, P. J., and Shinn, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 23, 1942.