MAURICE BAKER AND BERTHA ROSS, APPELLANTS, v. MILDRED E. LEARY, RESPONDENT.

No. 3757

October 15, 1953.

261 P.2d 1013.

*Milton W. Keefer* and *Wm. E. Gelder*, of Las Vegas, for Appellants.

*Hawkins and Cannon*, of Las Vegas, for Respondent.

**OPINION**

By the Court, MERRILL, J.:

This is an action brought upon a foreign money judgment: judgment of the Superior Court of the State of California in and for Los Angeles County. In the court below summary judgment was rendered in favor of the defendant and the plaintiffs have taken this appeal. The sole question involved is whether the California judgment was possessed of that degree of finality necessary to permit action to be brought upon it. It is conceded that in determination of this question California law is

controlling; that we must accord to that judgment the same degree of finality accorded it by the state in which it was rendered.

The record shows that an appeal has been taken from the California judgment which remains pending; that in connection with that appeal no stay bond or supersedeas has been furnished by the California appellant. The record also discloses that under California law, sec. 942, C.C.P., if a stay bond be not furnished by the appellant, execution may be had upon a money judgment notwithstanding the pendency of an appeal.

Appellants here contend that Rogers v. Hatch, 8 Nev. 35, has established that under these circumstances the California judgment may properly form the basis for action in this state; that since it is subject to enforcement by execution it is likewise subject to enforcement by action. Such was the holding of that case and such, generally, would appear to be the weight of authority. The opinion in that case, however, makes it clear that the record before the court contained no proof of California law and that accordingly the law of Nevada was applied. This court in this matter does not suffer from such lack of enlightenment.

The record before us also discloses that sec. 1049, Cal. C.C.P., provides as follows: "An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the judgment is sooner satisfied."

Under this section the California courts have recognized a distinction between the right to enforcement by execution or by action in direct aid of execution (see: Cal. Mortgage & Sav. Bank v. Graves, 129 Cal. 649, 62 P. 259; Sewell v. Price, 164 Cal. 265, 128 P. 407) and enforcement by independent action. In the latter connection it has consistently been held that pendency of an appeal prevents a judgment from becoming operative as a bar or estoppel in another action. Naftzger v.

Gregg, 99 Cal. 83, 33 P. 757, 37 Am.St.Rep. 23; Re Blythe's Estate, 99 Cal. 472, 34 P. 108; Story v. Story & Isham Commercial Co., 100 Cal. 41, 34 P. 675; Brown v. Campbell, 100 Cal. 635, 35 P. 433; 38 Am.St.Rep. 314; Purser v. Cady, 120 Cal. 214, 52 P. 489; Pellissier v. Title Guarantee & Trust Co., 208 Cal. 172, 280 P. 947; see Harris v. Barnhart, 97 Cal. 546, 32 P. 589.

Consistent with this stand, it has expressly been held that no cause of action may accrue upon a judgment during its statutory period of pendency. Feeney v. Hinckley, 134 Cal. 467, 66 P. 580, 86 Am.St.Rep. 290; Cook v. Ceas, 143 Cal. 221, 77 P. 65; Harrier v. Bassford, 145 Cal. 529, 78 P. 1038; Willard v. Dobbins, 191 Cal. 287, 216 P. 1008; Jones v. Summers, 105 Cal.App. 51, 286 P. 1093; Jennings v. Ward, 114 Cal.App. 536, 300 P. 129; Turner v. Donovan, 52 Cal.App.2d 236, 126 P.2d 187.

In Jennings v. Ward, supra, the court in so holding stated: "It is the settled rule in California, although the weight of authority in other jurisdictions is to the contrary, that a judgment is not final so long as an appeal is pending therefrom, even though a supersedeas bond has not been furnished."

This same analysis of the law of California is made in the texts and the same conclusion drawn. See: 2 Freeman on Judgments (5th ed.) 2230, sec. 1071; 15 Cal. Jur. 260, Judgments, sec. 259.

It is, then, clear that under sec. 1049, Cal. C.C.P., no cause of action may be said to have accrued upon the California judgment with which we are here concerned. Dismissal of the action below was, therefore, proper.

Appellants upon oral argument before this court for the first time have advanced the contention that since sec. 1049, Cal. C.C.P., was not actually pleaded in the

action below, it should not be considered by this court. The record shows, however, that this section of the California law was presented to the trial court without objection. Under the circumstances we do not regard the point as having been timely presented.

Judgment of the trial court is affirmed with costs.

EATHER, C. J., and BADT, J., concur.