[S. F. No. 21053.   In Bank.   Oct. 2, 1962.]

ANGELO ANGELI, Plaintiff and Respondent, v. J. B. LISCHETTI, Defendant and Appellant.

Leonard P. Burke for Defendant and Appellant.

Stephen L. Mana for Plaintiff and Respondent.

SCHAUER, J.—Defendant Lischetti appeals from an order denying his motion to quash an execution issued upon a money judgment in favor of plaintiff. As hereinafter appears, we have concluded that defendant errs in his contention that the time had elapsed within which an execution could issue

as a matter of right, as was done here. The order should therefore be affirmed.

The judgment was entered June 21, 1950. On February 8, 1960, upon plaintiff's request the clerk of the superior court issued a writ of execution upon the judgment. The writ was issued under the provisions of section 681 of the Code of Civil Procedure (that is, as a matter of right), rather than by leave of court upon motion and affidavit pursuant to section 685 of that code. Levy was made upon certain real property of defendant, who thereupon moved to quash the writ on the ground that plaintiff's right to its issuance under section 681 had been barred by lapse of time. The motion was denied and this appeal by defendant followed.

When plaintiff's judgment was entered in June 1950, section 336 of the Code of Civil Procedure (amended and transferred to section 337.5 in 1953) provided (as construed by this court) that an action upon a judgment could be brought within five years after the judgment had become final; i.e., the statute of limitations on judgments was five years after action thereon could be maintained. (Code Amends. 1873-74, ch. 383, p. 291, § 31; *Willard* v. *Dobbins* (1923) 191 Cal. 287, 294 [5] [216 P. 1008]; *Feeney* v. *Hinckley* (1901) 134 Cal. 467, 470 [66 P. 580, 86 Am.St.Rep. 290]; see also *Turner* v. *Donovan* (1942) 52 Cal.App.2d 236, 237-240 [1] [126 P.2d 187]; *Thomas* v. *Lavery* (1932) 125 Cal.App. 666, 669 [4] [14 P.2d 158].) Section 681 then (in 1950) provided that execution could issue as a matter of right within five years ''after . . . entry'' of judgment; and section 685 permitted issuance after the lapse of such five-year period, by order of court upon motion, notice, and affidavits establishing the essential facts. (*Beccuti* v. *Colombo Baking Co.* (1942) 21 Cal.2d 360, 363 [132 P.2d 207].) In *Saunders* v. *Simms* (1920) 183 Cal. 167, 170-171 [4] [190 P. 806], it is declared that ''Section 685 is a limitation upon the operation of the statute of limitations under section 336 of the Code of Civil Procedure, to the extent that it places within the discretion of the courts the power to authorize the enforcement by the ordinary processes provided by law of a judgment otherwise barred by the statute.''

Effective September 9, 1953 (Stats. 1953, ch. 1153), the pertinent limitations of action sections (§§ 336, 337.5) were amended to provide that action on a judgment could be brought within 10 years after it became final. This amendment, of course, extended the time during which action could

be brought on those causes *not already barred* on the effective date of the amendment. (See *Evelyn, Inc.* v. *California Emp. Stab. Com.* (1957) 48 Cal.2d 588, 592 [4-5] [311 P.2d 500]; *Mudd* v. *McColgan* (1947) 30 Cal.2d 463, 468 [2-3] [183 P.2d 10]; cf. *Mann* v. *McAtee* (1869) 37 Cal. 11, 15.) Thus it would appear that causes on judgments which became final prior to September 9, 1948, were not revived by this amendment, but that those becoming final after September 9, 1948, fell within the purview of the amendment and could be sued upon within 10 years after finality. Plaintiff's judgment, entered in June 1950, is within this latter class and the bringing of an action thereon had obviously not been barred at the time the subject writ of execution was issued in February 1960.

However, no change was made in the execution sections (§§ 681 and 685 of the Code of Civ. Proc.) until 1955. Section 681 continued to permit a writ of execution to issue as a matter of right within five years of entry of judgment, and section 685 continued to permit issuance after such five-year period only by leave of court upon motion, notice, and affidavits showing good cause.

Effective September 7, 1955 (i.e., more than five years after entry of the subject judgment), sections 681 and 685 were amended by changing the words "five years" to "10 years." In 1957 section 685 was further amended by adding the last sentence of that portion of the section set forth in the footnote.[1] Thus after the 1955 amendments execution could issue as a matter of right for a period of 10 years following entry of judgment, and thereafter could issue by leave of court upon motion.

In support of the court's order refusing to quash the subject execution which had been issued on the theory that it was available as a matter of right, plaintiff relies upon *Weldon* v.

---

[1]As so amended, the two sections now read in relevant part:

Section 681: "The party in whose favor judgment is given may, at any time within 10 years after the entry thereof, have a writ or order issued for the execution or enforcement of the judgment. . . ."

Section 685: "In all cases the judgment may be enforced or carried into execution after the lapse of 10 years from the date of its entry, by leave of the court, upon motion, and after due notice to the judgment debtor accompanied by an affidavit or affidavits setting forth the reasons for failure to proceed in compliance with the provisions of Section 681 of this code. The failure to set forth such reasons as shall, in the discretion of the court, be sufficient, shall be ground for the denial of the motion. This section does not limit the jurisdiction of the court to order issuance of such writ prior to the lapse of said 10-year period in cases where the party in whose favor judgment is given is not entitled to a writ under Section 681 of this code. . . ."

*Rogers* (1907) 151 Cal. 432 [90 P. 1062], and *Doehla* v. *Phillips* (1907) 151 Cal. 488, 491-494 [91 P. 330].) Both cases dealt with the effect of an amendment to section 685. On the dates the judgments were entered in those cases (in 1891) section 685 provided that "In all cases, other than for the recovery of money, the judgment may be enforced or carried into execution after five years from the date of its entry, by leave of the court, upon motion, or by judgment for that purpose, founded upon supplemental pleadings." Subsequently, in 1895, the section was amended by deleting the phrase "other than for the recovery of money," and by adding the provision: "but nothing in this section shall be construed to revive a judgment for the recovery of money which shall have been barred by the statute of limitations at the time of the passage of this act." In both cited cases it was held that the amendment operated to permit execution on judgments entered prior to its enactment but which had not at the time of enactment of the amendment been barred by the statute of limitations. (See also *Bryant* v. *Bryant* (1958) 161 Cal. App.2d 579 [326 P.2d 898].)

It is suggested on behalf of defendant that the 1957 amendment to section 685, declaring that "This section does not limit the jurisdiction of the court to order issuance of such writ [of execution] prior to the lapse of said 10-year period [after entry of judgment] in cases where the party in whose favor judgment is given is not entitled to a writ under Section 681 [i.e., as a matter of right]," indicates that the 1955 amendment to section 681 extending to 10 years the period within which execution could issue as a matter of right was not intended by the Legislature to apply to a judgment (such as that in the subject case) as to which the period for issuance of execution as a matter of right had expired prior to the effective date of the 1955 amendment.

Plaintiff on the other hand theorizes as follows with respect to the 1957 amendment: The 1953 amendments (effective September 9) to sections 336 and 337.5 extending the statute of limitation on judgments from five years to 10 affected only judgments not already barred (*Evelyn, Inc.* v. *California Emp. Stab. Com.* (1957), *supra*, 48 Cal.2d 588, 592 [4-5]; *Mudd* v. *McColgan* (1947), *supra*, 30 Cal.2d 463, 468 [2-3]); i.e., they did *not* affect those judgments which became final prior to September 9, 1948. When, effective September 7, 1955, the Legislature amended the execution sections (§§ 681 and 685) to read "10 years," those judgments entered after Sep-

tember 7, 1945, but which became final before September 9, 1948, were left in the following state: they were, as just stated, barred by the statute of limitation; there could be no execution as a matter of right under section 681 since the amendment thereto was applicable only to judgments *not* already barred by the statute of limitation on the effective date of the amendment to section 681 (*Weldon* v. *Rogers* (1907), *supra,* 151 Cal. 432; *Doehla* v. *Phillips* (1907), *supra,* 151 Cal. 488, 491-494; see also 28 Ops. Cal. Atty. Gen. 67, 70); and there could be no execution by leave of court under section 685 since judgments entered between September 7, 1945, and September 9, 1948, had not yet reached the 10-year age to which that section was by the 1955 amendment expressly restricted. Thus, continues plaintiff's theory, the amendment to section 685 in 1957 was intended by the Legislature to rectify this situation and to permit execution under section 685 on such judgments although not yet 10 years old.

Without at this time expressing an opinion on the merits of these resourceful theories, which appear to involve among other things issues not presently before us,[2] it is our view that the subject legislation (i.e., the 1955 amendment to section 681) is procedural and remedial in character and purpose. A statute making procedural changes in the manner of enforcing a valid judgment is purely remedial to an existing status. Such statutes unless they expressly provide to the contrary have historically been held to apply to pending or existing matters. (See *Evelyn, Inc.* v. *California Emp. Stab. Com.* (1957), *supra,* 48 Cal.2d 588, 592 [4-5]; *Stockton Theatres, Inc.* v. *Palermo* (1956) 47 Cal.2d 469, 477 [9] [304 P.2d 7] [costs on appeal]; *Hogan* v. *Ingold* (1952) 38 Cal.2d 802, 812 [7-10], 814-816 [11-14] [248 P.2d 1, 32 A.L.R.2d 834] [furnishing of security for costs of suit]; *Sour* v. *Superior Court* (1934) 1 Cal.2d 542, 544-545 [1] [36 P.2d 373] [extent of order which superior court could make on appeal]; *Weldon* v. *Rogers* (1907), *supra,* 151 Cal. 432; see also 45 Cal.Jur.2d 554-556 and cases there cited.)

By reason of the 1953 amendment of the limitation of action statute (§§ 336, 337.5) plaintiff's judgment was valid

---

[2]It perhaps might also be theorized that by the 1957 amendment to section 685 the Legislature intended to meet the contingency of a holding by the courts that the 1955 amendment to section 681 did not or could not apply to judgments where the period for issuance of execution as a matter of right had expired prior to the 1955 amendment to section 681— and to therefore provide a means of securing execution on such judgments under section 685.

and subsisting at the time of both the 1955 and the 1957 amendments to sections 681 and 685. It follows that the 1955 amendment to section 681 applies to all judgments which were not barred on the effective date of the subject amendment.

For the reasons above enunciated the court's order refusing to quash the subject writ is affirmed.

Gibson, C. J., Traynor, J., McComb, J., Peters, J., White, J., and Tobriner, J., concurred.