Appellate Department, Superior Court, Los Angeles

[Civ. No. A 11072.   May 4, 1965.]

ARNOLD J. PROVISOR, Plaintiff and Respondent, v. LEVADA NELSON et al., Defendants and Appellants.

George L. Vaughn, Jr., for Defendants and Appellants.

Arnold J. Provisor, in pro. per., for Plaintiff and Respondent.

HILL, J.—The question here presented is the effective date of the judgment lien where a new judgment is rendered in an action on a prior judgment. This appears to be a case of first impression in California.

It is appropriate to state the facts in some detail. On December 2, 1953, plaintiff's assignor recovered judgment against defendant in the amount of $1,882.40. The judgment became a lien on defendant's real property on that date. On

September 7, 1955, Code of Civil Procedure, section 674, was amended to extend the effective period of judgment liens from five to ten years. Defendant owned a piece of real estate; for how long defendant had owned it and whether defendant acquired it before or after. the 1953 judgment is not clear from the record. On March 11, 1963, defendant recorded a homestead on the real estate. On March 29, 1963, plaintiff (who had acquired all rights in the first judgment by assignment) filed the instant action in which he sought a new judgment based on the 1953 judgment. A new judgment for $2,698.68 was entered June 18, 1963 (the difference in amount being the accrued interest on the 1953 judgment). A writ of execution on the new judgment was issued July 31, 1963. Under the writ, the marshal levied on the real estate and sold the property on October 18, 1963, to the plaintiff for the amount of his new judgment. Defendant moved to quash the levy, to set aside the marshal's deed and to restrain plaintiff from attempting to enforce any lien by virtue of the 1963 judgment. The trial court denied the motion and defendant appeals therefrom.

Defendant contends that if plaintiff's judgment lien dates only from the date of the second judgment, i.e. June 18, 1963, it is junior to defendant's earlier declaration of homestead and must yield thereto. In this respect defendant is clearly correct. ██ A judgment may not be enforced against a prior declaration of homestead. (*Boggs* v. *Dunn* (1911) 160 Cal. 283 [116 P. 743].)

Defendant further contends that any lien arising under plaintiff's first judgment of 1953 had expired on December 2, 1958, five years later, because Code of Civil Procedure, section 674 as it existed in 1953 limited the life of judgment liens to five years. Defendant argues that the 1955 amendment to that section, extending the life of judgment liens to 10 years, did not have the effect of extending the effective period of judgment liens then existing. With this we cannot agree. ██ Under the authority of *Angeli* v. *Lischetti* (1962) 58 Cal.2d 474 [24 Cal.Rptr. 845, 374 P.2d 813] we hold that the 1955 amendment extended the effective period of judgment liens which were at that time still effective because less than five years old.

In *Angeli* our Supreme Court construed the 1955 amendment to Code of Civil Procedure, section 681 which extended the period in which a writ of execution may be obtained as

a matter of right, from five years after judgment to 10 years. The court held that the amendment was procedural and remedial and that it validly applied to all pending judgments which were less than five years old. The court also discussed the 1953 amendment to Code of Civil Procedure, section 337.5, the statute of limitations for bringing an action on a judgment. The court observed that the 1953 amendment to section 337.5 validly extended the period for bringing such actions from five to ten years in cases where the action was not already barred on the effective date of the amendment. (58 Cal.2d at p. 476.) Code of Civil Procedure, section 674 is not mentioned by the *Angeli* opinion. But it is evident that sections 674, 681 and 337.5 are closely interrelated as part of a single statutory scheme dealing with the effective life and enforcement of judgments and judgment liens. The rationale of *Angeli* as to Code of Civil Procedure, section 681, compels similar treatment and a like holding as to the 1955 amendment to Code of Civil Procedure, section 674.

Defendant next argues that the first judgment of 1953 was merged into the second judgment of 1963 and has no further validity. Both sides have extensively briefed the question of merger of judgments. There is a conflict of authority on the merger question among the various state courts (see note 158 A.L.R. 859) and no clear holding in California. However, the reasoning of two older cases in this state appears to reject the concept of merger of the first judgment into the second. *Morton* v. *Adams* (1899) 124 Cal. 229 [56 P. 1038, 71 Am. St.Rep. 53]; *Lilly-Brackett Co.* v. *Sonnemann* (1910) 157 Cal. 192 [106 P. 715, 21 Ann. Cas. 1279]. If the point were squarely raised by the facts we would be constrained to hold on the authority of those cases that California does not follow the merger rule.

But the merger question is not decisive here. Plaintiff's levy of execution was on July 31, 1963, less than 10 years from the date of the first judgment. If plaintiff's levy had been under and pursuant to the first judgment, a holding that no merger had occurred and that the lien of the first judgment was not destroyed by the granting of the second judgment, would decide the case. But plaintiff's levy was under and pursuant to the second judgment. Thus the critical issue is not whether a merger occurred but whether the lien of the second judgment dates only from 1963, the year in which it was granted, or whether the lien thereof dates back to 1953 when the first judgment was entered.

Although the question appears never to have been considered in California, it has been decided in other states. *Springs* v. *Pharr* (1902) 131 N.C. 191 [42 S.E. 590, 92 Am. St.Rep. 775], and *Lawton* v. *Perry* (1893) 40 S.C. 255 [18 S.E. 861], hold that when a second judgment is obtained in an action on a previous judgment the lien of the second judgment dates back to the lien date of the first and has priority over intervening lienholders. *Adams* v. *Davies* (1945) 107 Utah 579 [156 P.2d 207, 158 A.L.R. 852], likewise holds that the lien of the second judgment dates back to that of the date of the first judgment lien although the case apparently did not involve the rights of any intervening lienholder. Similar holdings are found under various procedures for reviving or extending judgments. *Verner* v. *Bookman* (1898) 53 S.C. 398 [31 S.E. 283, 69 Am.St.Rep. 870] (involving a procedure for revival of judgments somewhat similar to our Code Civ. Proc., § 685); 47 American Jurisprudence, Scire Facias, § 47, p. 485. Freeman, an eminent and often-cited authority, likewise advocates the dating-back rule despite espousing the merger concept: ". . . there is no sound reason why a second judgment should not be deemed to preserve the lien of the first, upon which it is founded, since a judgment enforcing a lien preserves its priority notwithstanding the merger . . . ." Volume 2 Freeman on Judgments (5th ed.) section 580, page 1230.

The above cited authorities appear to be founded upon great solicitude for the rights of the judgment creditor. Our courts have shown a similar solicitude. In *Morton* v. *Adams, supra,* our Supreme Court said: "A judgment lien has always been regarded as the highest form of security to a creditor." (124 Cal. 229 at p. 231.) Both *Morton* v. *Adams, supra,* and *Lilly-Brackett Co.* v. *Sonnemann, supra,* show judicial concern for preserving judgment liens and their priorities when the result would otherwise be unfair or inequitable to the judgment creditor. See also *Rush* v. *Dickenson County Bank* (1920) 128 Va. 114 [104 S.E. 700].

Further support by analogy for extending the lien of the second judgment back to the date of the first judgment lien is found in *Estate of Wiley* (1903) 138 Cal. 301 [71 P. 441] and *Porter* v. *Pico* (1880) 55 Cal. 165. In *Wiley* the judgment debtor died owning real estate which during his lifetime was subject to the judgment lien. A statute prohibited any levy of execution after the death of the judgment debtor. The

judgment creditor brought a new action and recovered a new judgment against the administratrix. Another statute provided that a judgment against the administratrix created no lien. The court held that, despite the latter statute, the lien of the first judgment continued and carried over to the second judgment. Notwithstanding the fact that the land was the only asset and that there were other claims against the estate, the administratrix was ordered to sell the land and apply the proceeds solely to the judgment debt. In *Porter* the court held that a judgment lien dates back to the date of an attachment as against intervening lienholders.

█ When a judgment is rendered in an action on a prior judgment, we regard the second judgment, in effect, as an extension of the first. So regarded, it would be inequitable and unfair to the judgment creditor to hold that the priorities of his lien under the first judgment are lost. We therefore hold that the judgment lien in the instant case dates from 1953 and the later declaration of homestead must yield to it.

The order denying motion to quash levy of writ of execution entered December 4, 1964, is affirmed; respondent to recover his costs on appeal.

Huls, P. J., and Swain, J., concurred.