[Sac. No. 7914. In Bank. July 12, 1972.]

MYRL P. HOOVER, Plaintiff and Respondent, v.
D. W. GALBRAITH et al., Defendants and Appellants.

520

**COUNSEL**

Daley, Brewer, Patridge & Garrett and James M. Garrett for Defendants and Appellants.

James F. Roach for Plaintiff and Respondent.

**OPINION**

**McCOMB, J.**—This is an action by a judgment creditor of a now defunct California corporation, Agriform Chemical Company, Inc., against the former directors to collect the debt represented by his judgment pursuant to the California Corporation Law (Corp. Code, §§ 100-6804),[1] particularly sections 824, 826, and 5000. Defendants raise the single issue on appeal that the action is barred by the statute of limitations. They rely on section 359 of the Code of Civil Procedure which reads: "This title does

---

[1] All references herein are to the Corporations Code unless otherwise indicated.

not affect actions against directors or stockholders of a corporation, to recover a penalty or forfeiture imposed, or to enforce liability created by law; but such actions must be brought within three years after the discovery by the aggrieved party of the facts upon which the penalty or forfeiture attached, or the liability was created." This is not an action to recover a penalty or forfeiture and the time of discovery is not therefore important. The inquiry on this appeal is to determine when the liability was created and whether this action was brought within three years thereafter, excluding any period of time in which the statute of limitations was tolled.

We first note the applicable statutes. Section 824 prohibits the directors of a corporation from distributing any part of the corporate assets among shareholders except as provided in the Corporations Code. Section 825 makes the directors jointly and severally liable to the corporation or its receiver for the benefit of the creditors of the corporation or any of them, in case of wilful or negligent violation of section 824. Section 826 authorizes any "judgment creditor" of the corporation whose debt or claim arose prior to violation of section 824 by the directors to sue the corporation and any or all of its directors in one action and recover judgment for the amount due such creditor up to the amount of the unlawful distribution of corporate assets. Section 826 further provides insofar as here pertinent that an action against such directors for any violation of section 824 may be brought by the corporation or by its receiver for the benefit of all such creditors without the necessity of any prior judgment against the corporation for the recovery of the amount of the unlawful distribution as far as needed to satisfy such debts and liabilities to creditors.

A corporation may be dissolved in voluntary proceedings (§ 4600 et seq.) without court action. A certificate evidencing election to wind up and dissolve must be filed in the office of the Secretary of State (§ 4603). Thereafter the directors continue to act as a board, with full powers to wind up and settle the corporate affairs, and to defend suits brought against the corporation. (§ § 4800, 4801, subd. (d).) No action to which a corporation is a party abates by the dissolution of the corporation or by reason of proceedings for winding up (§ 5401).

Corporate existence ceases, except for the purpose of further winding up, upon the filing of a certificate of winding up and dissolution (§ 5201). This certificate must be verified by the affidavit of a majority of the board of directors stating, in effect, that the matters set forth in the certificate are true of their own knowledge. It must specifically state (a) that the corporation has been completely wound up; "(b) Whether its known debts and liabilities have been actually paid, or adequately provided for, or paid as far as its assets permitted, or that it has incurred no known debts or

liabilities, as the case may be. If there are known debts and liabilities for payment of which adequate provision has been made, the certificate shall state what provision has been made . . ."; and (c) whether its known assets have been distributed to shareholders ". . . or wholly applied on account of its debts and liabilities, or that it acquired no known assets . . . as the case may be." (§ 5200.) After provision has been made for payment of creditors (see § 5001) the directors may distribute all of the remaining corporate assets among the shareholders (§ 5000). The Legislature could not have expressed more clearly its intention that debts and liabilities of the corporation to its creditors should be paid or adequately provided for in dissolution proceedings before the distribution of corporate assets to stockholders and to impose liability upon directors for misfeasance in this regard.

Looking at the record before us we note that Hoover has an unpaid judgment based on a debt owed to him by the defunct corporation, which debt arose prior to the dissolution of the corporation. In 1962 he filed an action against the corporation to collect a debt of approximately $11,000. In April 1964 while discovery proceedings were in process the corporation was wound up and dissolved in voluntary proceedings. Thereafter in answer to certain interrogatories, propounded before dissolution, the directors, who were representing the corporation in that litigation, advised Hoover that the corporation had been dissolved, that all creditors' claims had been satisfied, that the remaining assets had been distributed to the shareholders, and that no reserve was established for the "alleged claim of the plaintiff herein." In their certificate of winding up and dissolution they alleged that "all known debts of the corporation were paid." They made no reference therein to the debt claimed by Hoover, of which they had knowledge, or of the lawsuit based thereon in which as directors they were representing the defendant corporation. Assets distributed by the directors to the shareholders exceeded the sum of $20,000. They were the sole shareholders.[2]

Judgment in the former action was rendered in favor of Hoover in the sum of $11,326 on December 9, 1966. The directors appealed on behalf of the corporation. The remittitur on appeal, affirming the judgment, was not filed until March 19, 1969 (268 Cal.App.2d 818 [74 Cal.Rptr. 325]; Yolo County Super. Ct., action No. 18076). Less than three weeks thereafter, on April 4, 1969, Hoover filed the present action in the same superior court against the former directors. Judgment was for Hoover and defendant directors appealed.

---

[2]See deposition of Demont Galbraith, December 17, 1965, page 6, line 12, Clerk's Transcript.

In the present action the court took judicial notice of the record in the prior action. It ruled against the directors on their motion for summary judgment. It found that the directors knew of the pending suit, that they did not determine that all known debts and liabilities had been paid or adequately provided for as required by statute; that no part of the judgment debt had been paid by the corporation or by any of the defendants; and that Hoover did not delay an unreasonable time in bringing this action.

*Question*: One. *When was the liability of the directors to Hoover created?*

This liability was created in June 1964 when the directors dissolved the corporation and, with knowledge of the claim of Hoover against the corporation, distributed the corporate assets to shareholders without making provision for payment thereof and did not disclose the existence of the claim in the certificate of winding up and dissolution.

Hoover urges that liability was not *created* until March 19, 1969; that three conditions were necessary to the "creation" of this liability, namely: 1. a creditor's claim arising prior to the violation of section 824; 2. violation of section 824; and 3. a final judgment in favor of the creditor. In this regard he cites *Richardson* v. *Craig* (1938) 11 Cal.2d 131 [77 P.2d 1077]. Under the law there applicable creditors had no direct right of action against shareholders of a bank, but if the bank was insolvent they could present a claim to the superintendent of banks who could declare an assessment against the shareholders and specify the due date thereof. Liability of the shareholders was not for the corporation debt but for the assessment. Liability was created at the time the assessment was made and if not paid when due the superintendent could bring an action against them. While there were preconditions to the making of the assessment, an entirely new liability was created and it ran in favor of the superintendent of banks, not the creditors of the bank.

*Richardson* v. *Craig, supra,* is analogous to this case in a different respect, however, and that is in distinguishing between the time when the statutory liability is created and the time when the cause of action accrues in the application of the provisions of section 359 of the Code of Civil Procedure. ■ It properly held that the limitation period of section 359, Code of Civil Procedure, commences when the "liability was created" not when the cause of action thereon accrues. That liability " 'may be absolute or contingent; it may be unconditional or limited; it may be presently enforceable by action, or there may be time given for its performance; but whatever its character, it is created by the consummation of the contract, act, or omission by which the liability is incurred.' " (*Chambers* v. *Farnham* (1920) 182 Cal. 191, 193 [187 P. 732]; *Hunt* v. *Ward* (1893)

99 Cal. 612, 615 [34 P. 335]. See also *Coulter Dry Goods Co.* v. *Wentworth* (1915) 171 Cal. 500, 502-504 [153 P. 939].) ■ As in *Richardson* v. *Craig, supra,* the liability of the corporation and its directors under section 824 is a new liability, independent of the underlying debt or claim. ■ It arose, however, not when Hoover obtained his judgment or when the judgment became final, but when the directors distributed the assets of the corporation without making provision for the payment of Hoover's claim and without having disclosed the existence of the claim. The act of distributing the assets, accompanied by the omission to disclose the claim, created a contingent liability under section 826 in June 1964.

Section 359 differs from usual statutes of limitation which commence when the cause of action accrues.[3] The history of this section is well known. It was enacted at a time when the state Constitution provided for proportional liability of shareholders (art. XII, § 3, repealed 1930). It was intended to place reasonable limits upon the time within which the direct primary liability of the shareholders could be enforced; suit could be brought by the creditor against the shareholder; and a judgment against the corporation was not a condition of suit. (See *Richardson* v. *Craig, supra,* 11 Cal.2d pp. 134-136.) It was strictly construed and sometimes barred a cause of action before it accrued. However, most of the cases related to the proportional liability of shareholders, and distinguished this from any common law liability of shareholders. (See *Coombes* v. *Getz* (1933) 217 Cal. 320 [18 P.2d 939]; *Royal Trust Co.* v. *MacBean* (1914) 168 Cal. 642 [144 P. 139]; *Hunt* v. *Ward, supra,* 99 Cal. 612; *People* v. *Clauson* (1964) 231 Cal.App.2d 374 [41 Cal.Rptr. 691].) Those decisions are not here pertinent to the liability created by section 826 of the Corporations Code against defaulting directors. ■ Section 359 was not repealed when article XII, section 3, of the state Constitution was repealed and it remains vital and valid. The wisdom behind the statute is not for the courts. Its application in a particular case is a matter for judicial determination.

Two: *Was the three-year limitation period of section 359 of the Code of Civil Procedure tolled during the pendency of defendants' appeal from Hoover's judgment?*

*Yes.* ■ An action on a judgment, as distinguished from execution on a judgment, may not be commenced until the judgment has become final either upon expiration of the period within which an appeal may be

---

[3]Code of Civil Procedure section 312: "Civil actions, without exception, can only be commenced within the periods prescribed in this title, after the cause of action shall have accrued, unless where, in special cases, a different limitation is prescribed by statute." A different limitation is provided in section 359 of that code.

taken, or, if an appeal is taken, upon the issuance of the remittitur when the judgment has been affirmed. (*Angeli* v. *Lischetti* (1962) 58 Cal.2d 474, 475 [24 Cal.Rptr. 845, 374 P.2d 813]; *Willard* v. *Dobbins* (1923) 191 Cal. 287, 294 [216 P. 1008]; *Feeney* v. *Hinckley* (1901) 134 Cal. 467, 470 [66 P. 580]; *Turner* v. *Donovan* (1942) 52 Cal.App.2d 236, 240 [126 P.2d 187]. See also 2 Witkin, Cal. Procedure (2d ed. 1970) § 349, p. 1189; 29 Cal.Jur.2d (1956) § 313, p. 297.)

The Legislature has provided for exclusion from the statutory period of the time during which commencement of an action is stayed by injunction or statutory prohibition. (Code Civ. Proc., § 356). This section has been applied in situations where the action is legally prohibited by other means than injunctions or statutory prohibition. (See 2 Witkin, Cal. Procedure (2d ed. 1970) Actions, §§ 381-383, pp. 1216-1218.) The limitation period has been tolled during the period in which a plaintiff is legally prevented from taking action to protect his rights. In *Dillon* v. *Board of Pension Commrs.* (1941) 18 Cal.2d 427, 431 [116 P.2d 37, 136 A.L.R. 800], and *Skaggs* v. *City of Los Angeles* (1954) 43 Cal.2d 497, 500 [275 P.2d 9], it was held that a three-year limitation (Code Civ. Proc., §§ 335, 338, subd. 1) was tolled, in an action to establish a right to a pension during the legally required deliberations of the pension board and until its final decision. In *Lerner* v. *Los Angeles City Board of Education* (1963) 59 Cal.2d 382 [29 Cal.Rptr. 657, 380 P.2d 97], the limitations period in sections 335 and 338, subdivision 1, of the Code of Civil Procedure, was tolled pending restoration by the state board of a wrongfully revoked teaching credential, and an action could then be maintained by the terminated teacher against the local board for termination which had been based solely upon the state board revocation. (See also *County of Santa Clara* v. *Hayes Co.* (1954) 43 Cal.2d 615 [275 P.2d 456].)

■ Where it is not possible to bring an action to trial pending determination of an appeal in a related case, the time consumed on such appeal is impliedly excluded from the period of limitations. In *Christin* v. *Superior Court* (1937) 9 Cal.2d 526 [71 P.2d 205, 112 A.L.R. 1153], despite the mandatory language of section 583 of the Code of Civil Procedure requiring dismissal of an action not brought to trial within five years, it was not possible to bring the case to trial pending an appeal from an order changing venue. That time was excluded by the court.

Where an order settling the accounts of a guardian was a necessary prerequisite to a suit against the guardian's surety, the time consumed in an appeal from such order was excluded from the three-year limitation period of section 1487 of the Probate Code in *Burns* v. *Massachusetts etc.*

*Ins. Co.* (1944) 62 Cal.App.2d 962 [146 P.2d 24] (hg. den.). The same rationale applies here. Hoover could take no action against the directors for their violation of section 824 until the appeal from the judgment on his claim against the corporation had become final. He did all that he could to seasonably assert his rights against them but was prevented by statute from proceeding sooner. To hold that the limitations period is not tolled in such a case would allow defaulting corporate directors to avoid personal liability by filing an appeal and delaying its outcome, thus defeating the statutory purpose to make them accountable to creditors not paid or provided for in the dissolution proceedings. While the directors' liability was created in June 1964, Hoover could take no action against them until after his judgment was affirmed on appeal in April 1969, the intervening time was excluded from the limitation period of section 359 of the Code of Civil Procedure, and the present action was commenced within three weeks thereafter.[4] It is not barred by section 359 of the Code of Civil Procedure.

██ We find no merit in defendants' contention that Hoover became a judgment creditor on *December 9, 1966,* "well within three years of creation of liability." His action was pending until the time for appeal expired or the appeal taken became final (Code Civ. Proc., § 1049), and he did not become a *judgment* creditor entitled to bring an action under Corporations Code section 826 until March 19, 1969. (*T W M Homes, Inc.* v. *Atherwood Realty & Inv. Co.* (1963) 214 Cal.App.2d 826, 854-855 [29 Cal.Rptr. 887].)

We find no merit in defendants' contention that this action is improperly based upon section 826 and that it should have been based upon section 5012. That section gives a right of action by the corporation or its receiver against shareholders. This action is against defendants in their capacity as directors.[5] Their only liability as directors to Hoover is under section 826.

We find no merit in defendants' contention that Hoover had an alternative remedy, that he could have protected his rights without being a judgment creditor, and not having availed himself of this alternative pro-

---

[4]A further distinction is noted between this case and *Richardson* v. *Craig, supra,* 11 Cal.2d 131. There the superintendent of banks determined *when* the assessment was due, and could have brought his action upon that date. Here Hoover had no control over the time when the judgment would become final and had to await court disposition.

[5]No receiver was applied for. In an action brought pursuant to section 5012, the directors of the defunct corporation would have to bring an action against themselves as shareholders to recover assets unlawfully distributed by themselves as directors!

cedure he should now be barred. They rely on the second sentence in section 826 which authorizes an action against directors for any violation of section 824, to be brought by the corporation or by its receiver for the benefit of creditors (and others) "without the necessity of any prior judgment against the corporation, for the recovery of the amount of the unlawful . . . distribution as far as needed to satisfy such debts and liabilities . . . ." They urge that Hoover could have had a receiver appointed in 1964 pursuant to section 564 of the Code of Civil Procedure to bring such an action against the corporation for recovery of the amount of its debt to him.

In *Mock* v. *Santa Monica Hospital* (1960) 187 Cal.App.2d 57, 64 [9 Cal.Rptr. 555], an injured employee who was further injured through the malpractice of a doctor, was found to have alternative remedies before the Workmen's Compensation Appeals Board and in the courts. It was held that the pendency of the compensation proceeding did not prevent the running of the statute on the cause of action against the doctor. While theoretically Hoover had in 1964 the alternative remedy now suggested by the defendants, it seems needlessly restrictive of the rights of a creditor in the position of Hoover to require that he should have taken such action at that time to protect his claim and the suggestion comes with ill grace from these defendants.

Section 564 authorizes the appointment of a receiver by the court in which an action is pending "5. In the cases when a corporation has been dissolved, or is insolvent, or in imminent danger of insolvency, or has forfeited its corporate rights." The appointment of a receiver is a drastic remedy, may involve unnecessary expense and hardship and courts carefully weigh the propriety of such appointment in exercising their discretion to appoint a receiver particularly if there is an alternative remedy. Hoover's claim was then in the process of litigation, his cause of action did not abate by the dissolution proceedings, and upon obtaining a final judgment he would have a cause of action against the directors, and the directors (as stockholders) had received all the assets of the corporation.

Under section 4607 of the Corporations Code *three or more creditors* may petition the superior court of the county in which the principal office of the corporation is located and upon proper notice the court may make orders and adjudge as to any and all matters concerning the winding up of the affairs of the corporation. The record does not show the existence

of other creditors with whom Hoover could have joined at that time in order to have had court supervision of the winding up and dissolution.

Judgment is affirmed.

Wright, C. J., Peters, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.