Filed 1/27/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| GEORGE FENIMORE, JR., et al., | B289797 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. SC121657) |
| v. | |
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Gerald Rosenberg, Judge. Vacated and remanded.

Garcia & Artigliere, Stephen M. Garcia, Mark A. Schadrack for Plaintiffs and Appellants.

Cole Pedroza, Curtis A. Cole, Cassidy C. Davenport, Danica Lam; Steven D. Davis Law Group, Steven D. Davis, Diane M. Daly for Defendants and Respondents.

Tucker Ellis, Traci L. Shafroth for California Medical Association, California Dental Association, and California Hospital Association as Amicus Curiae on behalf of Defendants and Respondents.

———————————————

For a reason the defendant now concedes was mistaken, the trial court denied a plaintiff leave to amend a complaint. We reverse and remand.

I

George Fenimore was 92 and suffering dementia. On March 27, 2013, his family took him to a local hospital because he was incontinent and would not shower. This local hospital is not a defendant.

On March 29, 2013, the local hospital transferred Fenimore to a second hospital, which was UCLA Resnick Neuropsychiatric Hospital. Within minutes of arriving at the second hospital, which we refer to as Resnick, Fenimore fell down. His condition deteriorated. On April 2, 2013, the Resnick hospital transferred him to a third hospital called Ronald Reagan UCLA Medical Center, which we refer to as Reagan. The same entity owns Resnick and Reagan, which collectively we call Hospitals. The Hospitals are defendants. (See *Fenimore v. Regents of Univ. of Cal.* (2016) 245 Cal.App.4th 1339, 1342, fn. 1 (*Fenimore I*).)

At Reagan, x-rays revealed a hip fracture. Fenimore never recovered. He allegedly developed severe bedsores and died from his injuries on July 21, 2013. (*Fenimore I*, *supra*, 245 Cal.App.4th at p. 1342.)

Fenimore's family sued under the elder abuse statute. (Welf. and Inst. Code, §§ 15600 et seq.) Their first amended complaint sought general and special damages, punitive damages, attorney fees, and costs under this statute. There were other claims too, but they are no longer pertinent.

For simplicity, from here on we refer to the plaintiffs in this case collectively as Fenimore.

2

In 2016, we reversed a demurrer ruling and remanded the case for further proceedings. (See *Fenimore I, supra,* 245 Cal.App.4th at pp. 1342 & 1352.) We noted the elder abuse act provides heightened remedies — attorneys fees and compensation for predeath pain and suffering, for instance — upon clear and convincing evidence of recklessness, oppression, fraud, or malice in the commission of neglect. (*Id.* at p. 1347.) We noted the act does not apply to simple, gross, or professional negligence by health care providers. (*Ibid.*) Rather, the statute requires heightened culpability for heightened remedies.

In *Fenimore I*, we applied this heightened standard to analyze Fenimore's first amended complaint. We held this standard barred Fenimore from stating a cause of action against Resnick for allowing him to fall within minutes of entering that facility, for that at most would be mere professional negligence. (*Fenimore I, supra*, 245 Cal.App.4th at pp. 1347–1348.) The same prohibition applied to allegations about treatment for his broken hip — again, mere professional negligence, at worst. Fenimore's fraud allegations also failed. (*Id.* at p. 1351.) So those three theories were permanently out of the case.

*Fenimore I* reached a different result, however, regarding Fenimore's allegation that Resnick had a pattern and knowing practice of violating staffing regulations and improperly understaffing to cut costs, and that a proper staffing level would have prevented Fenimore's fall. (*Fenimore I, supra*, 245 Cal.App.4th at pp. 1348–1350.) "[T]he Fenimores have alleged more than a simple understaffing here. The [first amended complaint] identified the staffing regulation [Resnick] allegedly violated and suggested a knowing pattern of violating it

3

constituted recklessness." (*Id.* at p. 1350.)  We remanded for the case to proceed on this limited basis.  (*Id.* at p. 1352.)

After remand, Fenimore moved the trial court on October 17, 2016 for leave to file a second amended complaint that would add new allegations about pressure sores.  The trial court denied this motion on December 1, 2016 on the logic the statute of limitations barred the amendment.  On May 4, 2017, the Hospitals moved for summary judgment, which the trial court granted on March 2, 2018.  Fenimore appeals both the denial of his motion for leave to amend and the grant of summary judgment.

II

The trial court erred in denying Fenimore's motion to amend his complaint.  The foundation of this ruling was an incorrect timing computation about the statute of limitations.

The Hospitals concede the trial court's timing computation was in error.  The statute of limitations did not bar Fenimore's motion for leave to file his second amended complaint.  We therefore reverse the denial of this motion.

The parties agree a two-year statute governs.  This two-year clock started when the incapacitated Fenimore died on July 21, 2013.  (See Code Civ. Proc., §352, subd. (a).)  The appeal of *Fenimore I* tolled the clock from the notice of appeal on February 9, 2015 to the issuance of the remittitur on July 25, 2016.  (See Code Civ. Proc., §§ 356 & 916; *Hoover v. Galbraith* (1972) 7 Cal.3d 519, 525–526.)  Fenimore filed his motion October 7, 2016, which was within the two-year period.  The trial court relied upon incorrect dates, which yielded a mistaken conclusion.

The Hospitals suggest Fenimore suffered "different injuries from different instrumentalities."  The Hospitals repeated this

4

notion at oral argument, saying the proposed second amended complaints would have totally shifted the focus of the litigation. Their suggestion seems to be there is no pertinent relationship between a 92 year old's broken hip and bedsores resulting from his immobilization caused by the broken hip. The Hospitals cite no case to support their suggestion. Neither did the trial court.

We therefore reverse the denial of Fenimore's motion for leave to file his second amended complaint. This reversal means we do not reach the merits of the summary judgment ruling, which was briefed and decided on the basis of pleadings other than the proposed second amended complaint.

## DISPOSITION

The judgment is vacated and the case is remanded for further proceedings. Fenimore shall recover costs on appeal.

WILEY, J.

WE CONCUR:

GRIMES, Acting P. J.

STRATTON, J.

5