Filed 10/3/22 Weshler v. Oldman, Cooley, Sallus, etc. CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| WINNIE WESHLER, | B315005 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 20STCV41539) |
| v. | |
| OLDMAN, COOLEY, SALLUS, BIRNBERG, COLEMAN & GOLD, LLP, | |
| Defendants and Respondents. | |

APPEAL from a judgment (order of dismissal) of the Superior Court of Los Angeles County, Richard J. Burdge, Judge. Affirmed.

Randall S. Rothschild; and Pettler & Miller and Mark A. Miller for Plaintiff and Appellant.

Charlston, Revich, Harris & Hoffman and Tim Harris for Defendants and Respondents.

_____

Plaintiff and appellant Winnie Weshler is the successor trustee of two family trusts at issue in an underlying probate action. In October 2020, she filed the present action for legal malpractice and breach of fiduciary duty against defendants and respondents Oldman, Cooley, Sallus, Birnberg, Coleman & Gold, LLP, David Coleman, and James Birnberg (collectively, Oldman). The trial court sustained Oldman's demurrer to Weshler's first amended complaint without leave to amend, concluding this action is barred by the one-year statute of limitations for malpractice actions in Code of Civil Procedure section 340.6.[1] Weshler appeals from the order of dismissal, and we affirm.

In 2015, Weshler became successor trustee of the family trusts after the former trustee, William Rosensweig,[2] died. Oldman had represented William in his capacity as trustee and in his individual capacity. Oldman had also represented William's estate in a probate action filed in 2016 against the estate by Weshler as successor trustee, in which Weshler sought to recover trust funds William had allegedly wrongfully distributed during the time he was trustee.[3] In November 2017, the probate court granted Weshler's motion to disqualify Oldman

_____

[1] Undesignated statutory references are to the Code of Civil Procedure.

[2] To avoid confusion and to be consistent with the parties' briefing, we hereafter refer to William Rosensweig by his first name because other individuals referenced in this opinion share the same surname.

[3] Throughout this opinion, when we refer to the "probate action," we are referring to the 2016 probate action Weshler filed against William's estate, through his personal representatives.

2

as counsel for William's estate in the probate action due to a conflict of interest arising from Oldman's representation of William as trustee and in his individual capacity during the time William allegedly committed trustee malfeasance. In her motion to disqualify, Weshler argued Oldman owed her, as successor trustee, duties of confidentiality and loyalty that conflicted with Oldman's representation of William's estate. She also asserted Oldman had engaged in legal maneuvering to cover up William's unauthorized distributions of trust funds and had accepted payment of legal fees from trust funds while representing William as trustee and individually under a conflict of interest. The representatives of William's estate appealed the probate court's order disqualifying Oldman, and the Court of Appeal affirmed the order in an opinion issued in October 2019.

In the present action, filed in October 2020, Weshler alleges Oldman committed legal malpractice and breached its fiduciary duties to her as successor trustee by, among other things, representing William's estate in the probate action when the estate's interests were adverse to, and conflicted with, her interests as successor trustee; violating duties of confidentiality and loyalty owed to her as successor trustee; and accepting payment of legal fees from trust funds during its representation of William as trustee and individually, while William was committing malfeasance. This action is based on factual allegations known to Weshler no later than 2017, facts Weshler asserted in her successful motion to disqualify Oldman filed in 2017.

Weshler contends the one-year statute of limitations for filing this malpractice action was tolled during the time the probate court's disqualification order was under review in the

3

Court of Appeal. She argues, among other things, the Court of Appeal had exclusive subject matter jurisdiction over attorney-client, breach of duty, and conflicts issues while the automatic stay of the disqualification order was in effect, and therefore she *could not* file a malpractice action which embraced these issues until after the Court of Appeal's decision on the disqualification order was final. She also contends Oldman is estopped from asserting a statute of limitations defense because it took the position in the probate action that its representation of William's estate against the trust did not pose a conflict of interest because Oldman had never represented Weshler and there was no attorney-client relationship between them, and Oldman had not received confidential information from her. For the reasons explained below, we reject Weshler's contentions, conclude this action is barred by the one-year statute of limitations, and affirm the order of dismissal. Nothing tolled the statute of limitations on the causes of action Weshler asserts in this action, and nothing prevented her from filing this action within the one-year statute of limitations while the appeal from the disqualification order in the probate action was pending.

## BACKGROUND

Consistent with our standard of review of a trial court's order sustaining a demurrer, we accept as true all properly pleaded material facts in the operative first amended complaint and matters subject to judicial notice. (*Mathews v. Becerra* (2019) 8 Cal.5th 756, 768.)

## I. Oldman's Representation of William

For almost a decade before his death in August 2015, William was trustee of two family trusts. The parties herein

4

refer to these trusts collectively by an abbreviated name, the Lee Trusts.

In November 2014, William, in his capacity as trustee of the Lee Trusts, retained defendant James Birnberg (an attorney with defendant Oldman, Cooley, Sallus, Birnberg, Coleman & Gold, LLP)[4] to provide representation on matters regarding the Lee Trusts. The law firm billed William at least $57,371 in attorney fees and costs on these matters. Of this amount, William paid $38,150 with assets from the Lee Trusts.

In April 2015, William and his wife, Marilyn Rosensweig, retained Birnberg to represent them in their personal estate planning matters, including drafting the Rosensweig Family Trust. After William died in August 2015, Oldman represented William's estate through Marilyn, the trustee of the Rosensweig Family Trust, and Linda Rosensweig, the executor of William's probate estate.

## II. Weshler Becomes Successor Trustee and Brings the Probate Action Against William's Estate

After William's death, Weshler was appointed successor trustee of the Lee Trusts. She retained counsel (not Oldman or anyone affiliated with it) to represent her as successor trustee in connection with matters related to the Lee Trusts. As alleged in her operative first amended complaint in this action, she "discovered William may have committed potential malfeasance while he was trustee of the Lee Trusts."

---

[4] As explained above, we use the shortened name "Oldman" to refer to defendants and respondents collectively: Oldman, Cooley, Sallus, Birnberg, Coleman & Gold, LLP, and its attorneys, David Coleman, and James Birnberg.

In July 2016, Weshler, as successor trustee of the Lee Trusts, and through her retained counsel, filed a probate action against Linda, as personal representative of William's estate, and Marilyn, as trustee of the Rosensweig Family Trust, to redress William's alleged breaches of trust duties. (LASC Case No. BP039256.) In this probate action, Weshler alleged, among other things, that William had secretly distributed to himself around $500,000 from the Lee Trusts. Oldman, through attorney David Coleman (a defendant/respondent in the present action), represented Linda and Marilyn in this probate action. Lewis Brisbois Bisgaard & Smith LLP (Lewis Brisbois) was cocounsel with Oldman in its representation of Linda.[5] Hereafter, we refer to the respondents in the probate action (Linda and Marilyn), collectively, as William's estate.

## III. Weshler Moves to Disqualify Counsel in the Probate Action

Asserting conflicts of interest arising from Oldman's representation of William's estate and its previous representation of William as trustee, Weshler asked Oldman to withdraw as counsel in the probate action. Oldman refused.

On June 19, 2017, Weshler, as successor trustee of the Lee Trusts, filed a motion to disqualify Oldman (and cocounsel Lewis Brisbois) in the probate action. In the motion, Weshler asserted William was able to perpetuate his alleged malfeasance as trustee of the Lee Trusts (e.g., unauthorized distributions of trust assets) because Oldman "engaged in various legal maneuvers on [William]'s behalf that appear now to have been designed to delay/hide [William]'s appropriation of trust funds." She also

---

[5] Lewis Brisbois is not a party to the present action.

asserted Oldman "switched sides" to represent William's estate (through Linda and Marilyn) in the probate action Welsher brought to redress William's malfeasance as trustee and breaches of trust duties. Weshler argued Oldman abandoned its duty of loyalty to the office of the trustee and began advocating solely for William's estate, using confidential information it obtained during its previous representation of William as trustee. Weshler further argued, as successor trustee, she now stood in the shoes of the former trustee and held the attorney-client privilege between Oldman and William in his capacity as trustee. Weshler contended Oldman must be disqualified because the duties of confidentiality and loyalty it owed her as successor trustee conflicted with its representation of William's estate in the probate action. Weshler also asserted there were conflicts of interest arising from Oldman's concurrent representation of William individually and as trustee, as well as Oldman's previous representation of other family members connected with the Lee Trusts.

Weshler attached to her motion to disqualify, among other things, a 16-page declaration from attorney Randall S. Rothschild (one of Weshler's appellate attorneys in the present action), detailing Oldman's actions requiring disqualification. Rothschild asserted in the declaration that Oldman had engaged in "legal maneuvers" that "appear to have been designed solely to delay/prevent discovery of the draining of the trust while it was taking place. These delays also provided [William] more time to pay himself additional monies that were being earned by one of the trusts on a monthly basis." Rothschild also stated in the declaration that William paid Oldman's legal fees with monies

7

from the Lee Trusts while William was committing trustee malfeasance and breaching his trust duties.

In its opposition to Weshler's motion to disqualify, Oldman argued Weshler did not have standing to bring the motion because Oldman never represented her or received confidential information from her. Weshler had retained her own counsel in her capacity as successor trustee of the Lee Trusts. Oldman also argued, "[t]here was never an attorney-client relationship of any sort between" it and Weshler.

On November 22, 2017, the trial court granted Weshler's motion to disqualify Oldman (and denied the motion as to Lewis Brisbois). The court concluded Weshler had standing to bring the motion in her capacity as successor trustee of the Lee Trusts based on the attorney-client relationship between Oldman and the former trustee (William). The court explained, "counsel representing a trustee of a trust represents the office of trustee in connection with the administration of the trust, so Weshler, as successor trustee, has standing to challenge [Oldman]." The court further concluded Oldman must be disqualified based on conflicts of interest arising from its representation of William individually and as trustee. The court explained: "[Oldman] admit[s] that [it] represented William concurrently in his role as trustee and as an individual. Particularly where, as here, William was purportedly double dealing and breaching his fiduciary duties to the trust, the dual representation is untenable and places [Oldman] in a conflict situation which requires [its] disqualification. Indeed, Weshler contends that [Oldman] assisted William by delaying providing information to beneficiaries which could have alerted them to his malfeasance."

8

William's estate (Linda and Marilyn), represented by Oldman, appealed the disqualification order as to Oldman (and Weshler appealed the disqualification order as to Lewis Brisbois). On April 13, 2018, on Linda's motion, the probate court stayed the probate action pending resolution of the appeal.

On October 31, 2019, the Court of Appeal issued an opinion affirming the portion of the order disqualifying Oldman (and reversing the portion of the order declining to disqualify Lewis Brisbois). (*Weshler v. Rosensweig* (Oct. 31, 2019, B287099) [nonpub. opn.].) The appellate court concluded Weshler, in her capacity as successor trustee, stood in the shoes of the predecessor trustee, and thus Oldman owed her "the duties owed a former client—namely, duties of confidentiality and loyalty." (*Id*. at p. 9.) Those duties were "imperiled" by Oldman's representation of William's estate (Linda and Marilyn) in the probate action, a representation substantially related to Oldman's representation of William as trustee of the Lee Trusts. (*Id*. at pp. 9, 19.) Therefore, the trial court did not abuse its discretion in concluding Weshler had standing to bring the motion to disqualify and in ordering Oldman's disqualification. (*Id*. at p. 9.) The appellate court rejected William's estate's argument that Oldman owed no duties to Weshler because she was never Oldman's client. The court explained, "a new trustee succeeds to the rights and duties of her predecessor's, including to the attorney-client relationships the predecessor, in his or her capacity as trustee, had with counsel." (*Id*. at p. 11.) It is "irrelevant" that Weshler did not retain Oldman or provide Oldman with confidential information. (*Id*. at p. 17, fn. 3.) On January 6, 2020, the Court of Appeal issued the remittitur, and the opinion became final.

9

## IV. Weshler Files the Present Malpractice Action Against Oldman

### A. The complaint

On October 29, 2020, Weshler filed the present action against Oldman for professional negligence (legal malpractice) and breach of fiduciary duty. She based her causes of action on factual allegations she asserted in her motion to disqualify Oldman, filed more than three years before. She alleged conflicts of interest arising from (1) Oldman's concurrent representation of William individually and as trustee and (2) Oldman's representation of William's estate (Linda and Marilyn) in the probate action Weshler brought against the estate to redress William's malfeasance as trustee and breaches of trust duties. She alleged Oldman breached duties of confidentiality and loyalty it owed to her as successor trustee. She sought damages, including the legal fees she had incurred in the probate action "in protecting the Lee Trusts from harm caused by [Oldman]'s acts and breaches" and "the $38,150 of trust monies William paid [Oldman] during their conflicted representation of him in both his fiduciary and individual capacities at the same time William was secretly distributing $500,000 of Lee Trusts' monies to himself." In the complaint, Weshler included allegations about her motion to disqualify Oldman; the trial court's order on the motion; the appeal and automatic stay of the disqualification order; the stay in the probate action while the appeal of the disqualification order was pending; and the Court of Appeal's opinion affirming the disqualification order as to Oldman. She also attached to her complaint, among other exhibits, the disqualification order and Court of Appeal opinion.

10

### B. Oldman's demurrer to the complaint

Oldman demurred to Weshler's complaint on the ground this action is barred by the one-year statute of limitations for malpractice actions in section 340.6. Oldman argued Weshler suspected wrongdoing and had been damaged (as successor trustee) by November 22, 2017, at the latest, when the probate court granted her motion to disqualify. Oldman referenced Weshler's assertions in the motion to disqualify that Oldman had assisted William in his malfeasance and that Oldman breached its duty of loyalty to her as the successor trustee. Oldman also noted the damages Weshler seeks in this action were incurred prior to November 22, 2017: the legal fees William paid to Oldman with trust monies while Oldman was representing William individually and as trustee under a conflict of interest; damages caused by Oldman's assistance of William in the trustee malfeasance; and the legal fees Weshler incurred in the probate action prior to Oldman's disqualification. Weshler filed this action on October 29, 2020, nearly three years after the probate court ruled on her motion to disqualify Oldman.

Oldman also asserted none of the tolling provisions enumerated in section 340.6 applied here to toll the one-year statute of limitations. Specifically, Oldman argued continuous representation tolling did not apply here because Oldman never represented Weshler. Oldman also argued the automatic stay of the disqualification order in the probate action, while that matter was on appeal, did not toll the statute of limitations for the present malpractice action.

In her opposition to the demurrer, Weshler argued the automatic stay of the disqualification order in the probate action, while that matter was on appeal, tolled the one-year statute of

11

limitations for this malpractice action. She cited section 916, subdivision (a), which provides in pertinent part: "[T]he perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order, but the trial court may proceed upon any other matter embraced in the action and not affected by the judgment or order." She also cited section 356, which provides: "When the commencement of an action is stayed by injunction or statutory prohibition, the time of the continuance of the injunction or prohibition is not part of the time limited for the commencement of the action." And she referenced the stay of the probate action that the probate court granted at Linda's request. Essentially, she argued she *could not* file this malpractice action against Oldman until after the Court of Appeal affirmed the probate court's order disqualifying Oldman as counsel for William's estate (Linda and Marilyn) in the probate action, and the Court of Appeal decided there was a former attorney-client relationship between Oldman and Weshler as successor trustee.

Weshler also argued in her opposition that Oldman's continued representation of William's estate in the probate matter, until the probate court's disqualification order was affirmed, tolled the statute of limitations for this malpractice action. She cited section 340.6, subdivision (a)(2), which states the one-year statute of limitations for malpractice actions is tolled during the time the "attorney continues to represent the plaintiff regarding the specific subject matter in which the alleged wrongful act or omission occurred." She made this continuous representation argument notwithstanding that she retained new counsel after she was appointed as successor

12

trustee and Oldman had not represented the office of the trustee since 2015 when William died.

Weshler further argued the statute of limitations for this malpractice action was tolled under section 340.6, subdivision (a)(1) until January 6, 2020, when the Court of Appeal decision on the disqualification order became final, and she *then* suffered actual injury. She stated: "This action is based upon the attorney fee damages Plaintiff incurred as a result of Defendants' breach of their duties of confidentiality and loyalty as found by the Court of Appeal; this is not a case based upon the dual representation conflict found by the superior court as Defendants mistakenly assert. [Citation.] While the Court of Appeal affirmed the trial court's disqualification order in part, it did so for completely different reasons, even reversing part of the trial court's order [as to Lewis Brisbois]." She continued: "For purposes of this action, there was thus no 'injury' until the Court of Appeal established grounds for the attorney fee damages sought here. This occurred in January 2020, not November 2017 as Defendants[] claim. The precondition for [the] malpractice claim is the establishment of attorney-client relationship and breach of duties, both issues that were presented to the Court of Appeal for adjudication and resolution."

Finally, Weshler argued in her opposition that Oldman was estopped from "switch[ing] positions to avoid damages." She asserted: "Defendants spent years strenuously maintaining to the [probate] and appellate courts that no attorney-client relationship or conflicts of interest existed between them and Plaintiff as successor trustee. . . . Now, after fighting these issues in the trial court and on appeal for years, Defendants

13

disingenuously claim the opposite, that Plaintiff actually did have standing to sue them for malpractice after all."

On April 19, 2021, the trial court sustained Oldman's demurrer, concluding this action is barred by the one-year statute of limitations in section 340.6. The court rejected Weshler's arguments, including that the limitations period was tolled. The court granted Weshler leave to amend. Without opposition, the court granted the parties' requests for judicial notice, including Oldman's request for judicial notice of all papers filed in connection with Weshler's motion to disqualify, and Weshler's request for judicial notice of papers filed in the probate action.

### C.    The operative first amended complaint

On May 12, 2021, Weshler filed a first amended complaint against Oldman, asserting the same two causes of action for professional negligence (legal malpractice) and breach of fiduciary duty. She included additional allegations about Oldman's representation of William individually (along with his wife, Marilyn) and as trustee; Oldman's representation of William's estate through his personal representatives; William's payments to Oldman with trust funds for legal fees he incurred as trustee; and the expenditures William made with the unauthorized distributions he took from the Lee Trusts. The same factual allegations were included in the motion to disqualify that Weshler filed in June 2017.

Weshler also included new allegations mirroring the arguments she asserted in her opposition to Oldman's demurrer to her original complaint: her legal conclusions about how the one-year statute of limitations was tolled and why Oldman is estopped from asserting a statute of limitations defense.

14

### D. Oldman's demurrer to the first amended complaint

Oldman demurred to the first amended complaint, raising the same arguments it asserted in its original demurrer in support of its statute of limitations defense (as summarized above). Oldman also argued the first amended complaint does not allege new facts indicating Weshler brought this action with the one-year limitations period.

Weshler opposed the demurrer to the first amended complaint, raising the same arguments she asserted in her opposition to Oldman's original demurrer (as summarized above): the stay of the disqualification order, while that matter was on appeal, tolled the statute of limitations for the present malpractice action; Oldman's representation of William's estate in the probate action constituted continuous representation that tolled the statute of limitations for the present action; Weshler did not suffer an actual injury as successor trustee due to Oldman's conduct until the Court of Appeal's decision on the disqualification of Oldman became final; and Oldman is estopped from asserting a statute of limitations defense to the present malpractice action because it took the position in the probate court that "no attorney-client relationship or conflicts of interest existed between [it] and [Weshler] as successor trustee."

On August 4, 2021, after hearing oral argument, the trial court issued a 10-page minute order sustaining Oldman's demurrer to Weshler's first amended complaint without leave to amend. The court rejected Weshler's arguments and concluded this action is barred by the one-year statute of limitations in section 340.6. On August 16, 2021, the court issued a signed

15

order dismissing this action with prejudice. Weshler timely appealed from the order of dismissal.

## DISCUSSION

### I. Standard of Review

" 'In reviewing an order sustaining a demurrer, we examine the operative complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory.' " (*Mathews v. Becerra, supra*, 8 Cal.5th at p. 768.) A defendant may assert a statute of limitations defense on demurrer if the complaint shows on its face that the statute of limitations bars the action. (*E-Fab, Inc. v. Accountants, Inc. Services* (2007) 153 Cal.App.4th 1308, 1315-1316.)

" 'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.' [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.] And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318; *Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126.)

### II. The Statute of Limitations in Section 340.6

Section 340.6, subdivision (a) provides, in pertinent part: "An action against an attorney for a wrongful act or omission,

16

other than for actual fraud, arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, whichever occurs first." Weshler does not dispute that the statute of limitations in section 340.6 applies to her cause of action for breach of fiduciary duty as well as her cause of action for professional negligence (legal malpractice). (*Bergstein v. Stroock & Stroock & Lavan LLP* (2015) 236 Cal.App.4th 793, 819 (*Bergstein*) [the statute of limitations in section 340.6 applies to causes of action for attorney professional negligence and breach of fiduciary duty].)

In its demurrer to Weshler's operative first amended complaint, Oldman argued this action is barred by the one-year statute of limitations in section 340.6. Neither the parties nor the trial court addressed the four-year statute of limitations in section 340.6.

"Under the discovery rule, the statute of limitations begins to run when the plaintiff suspects or should suspect that her injury was caused by wrongdoing, that someone has done something wrong to her. . . . [T]he limitations period begins once the plaintiff ' " 'has notice or information of circumstances to put a reasonable person *on inquiry . . . .* ' " ' " (*Jolly v. Eli Lilly & Co.* (1988) 44 Cal.3d 1103, 1110-1111, fn. omitted; *Bergstein, supra,* 236 Cal.App.4th at p. 818.) "It is well settled that the one-year limitations period of section 340.6 ' "is triggered by the client's discovery of 'the facts constituting the wrongful act or omission,' not by h[er] discovery that such facts constitute professional negligence, i.e., by discovery that a particular legal theory is

17

applicable based on the known facts. 'It is irrelevant that the plaintiff is ignorant of h[er] legal remedy or the legal theories underlying h[er] cause of action.' " ' " (*Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP* (2005) 133 Cal.App.4th 658, 682, 685.)

Section 340.6 enumerates five circumstances that toll the statute of limitations. Weshler contends three of those circumstances occurred here to toll the statute of limitations on her causes of action against Oldman for professional negligence (legal malpractice) and breach of fiduciary duty:

"(1) The plaintiff has not sustained actual injury.

"(2) The attorney continues to represent the plaintiff regarding the specific subject matter in which the alleged wrongful act or omission occurred.

[¶] . . . [¶]

(4) The plaintiff is under a legal or physical disability that restricts the plaintiff's ability to commence legal action." (§ 340.6, subd. (a)(1)-(2) & (4).)

Below we address (and reject) Weshler's contentions regarding tolling of the statute of limitations.

## III. The Statute of Limitations on Weshler's Causes of Action Against Oldman Began to Run in 2017, at the Latest

A cause of action generally "accrues at 'the time when the cause of action is complete with all of its elements.' " (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 806-807.) The discovery rule, discussed above, "only delays accrual until the plaintiff has, or should have, inquiry notice of the cause of action." (*Id*. at p. 807.)

"' " 'The elements of a cause of action for professional negligence are: (1) the duty of the professional to use such skill, prudence, and diligence as other members of the profession commonly possess and exercise; (2) breach of that duty; (3) a causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional negligence.' "' [Citation.] The elements of a cause of action for breach of fiduciary duty are the existence of a fiduciary relationship, breach of fiduciary duty, and damages." (*Prakashpalan v. Engstrom, Lipscomb & Lack* (2014) 223 Cal.App.4th 1105, 1128.)

In June 2017, when Weshler, as successor trustee, filed her motion to disqualify Oldman in the probate action, she asserted the following in her papers: As successor trustee, she stood in the shoes of the former trustee and held the attorney-client privilege between Oldman and William in his capacity as trustee. The duties of confidentiality and loyalty Oldman owed her as successor trustee conflicted with Oldman's representation of William's estate in the probate action she brought to redress William's malfeasance as trustee and breaches of trust duties. Oldman abandoned its duty of loyalty to the office of the trustee when it "switched sides" and began advocating solely for William's estate, using confidential information it obtained in its previous representation of William as trustee. During the time it represented William as trustee, Oldman assisted William in perpetuating his trustee malfeasance by engaging in "legal maneuvers" to hide William's unauthorized distributions of trust funds to himself. William paid Oldman's legal fees with monies from the Lee Trusts while William was committing trustee malfeasance and breaching his trust duties. There were conflicts

19

of interest arising from Oldman's concurrent representation of William individually and as trustee, as well as Oldman's previous representation of other family members connected with the Lee Trusts. Weshler submitted with her motion to disqualify a 16-page declaration from attorney Rothschild detailing Oldman's actions that conflicted with its duties of loyalty and confidentiality to the office of the trustee. As successor trustee, she incurred legal fees in the probate action because of Oldman's acts and breaches.

The present action for malpractice and breach of fiduciary duty, filed in October 2020, is based on factual allegations Weshler asserted in her motion to disqualify Oldman, filed in June 2017. Weshler knew the facts supporting all elements of her causes of action (duty, breach, damages) in 2017, but she waited more than a year to file this action. On its face, this action is barred by the one-year statute of limitations in section 340.6.

Weshler contends this action is not time-barred because the statute of limitations was tolled under various tolling provisions in section 340.6. For the reasons explained below, we reject each of these contentions.

## IV. The Appeal of the Disqualification Order Did Not Toll the Statute of Limitations or Preclude Weshler From Filing This Action

As set forth above, the statute of limitations in section 340.6 is tolled while the "plaintiff is under a legal or physical disability that restricts the plaintiff's ability to commence legal action." (§ 340.6, subd. (a)(4).) Weshler contends such a legal disability existed here during the time the disqualification order was under review on appeal. We disagree.

When William's estate appealed the disqualification order as to Oldman, the disqualification was automatically stayed under section 916, subdivision (a), which provides in pertinent part: "[T]he perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order, but the trial court may proceed upon any other matter embraced in the action and not affected by the judgment or order." Weshler argues the automatic stay of the disqualification order in the probate action precluded commencement of the present malpractice action under section 356, which provides: "When the commencement of an action is stayed by injunction or statutory prohibition, the time of the continuance of the injunction or prohibition is not part of the time limited for the commencement of the action." There is caselaw indicating an injunction or prohibition within the meaning of section 356 constitutes a legal disability which tolls the statute of limitations under section 340.6, subdivision (a)(4). (See *Bledstein v. Superior Court* (1984) 162 Cal.App.3d 152, 161-163; *Jocer Enterprises, Inc. v. Price* (2010) 183 Cal.App.4th 559, 570.)

"The purpose of the automatic stay provision of section 916, subdivision (a) 'is to protect the appellate court's jurisdiction by preserving the status quo until the appeal is decided. The [automatic stay] prevents the trial court from rendering an appeal futile by altering the appealed judgment or order by conducting other proceedings that may affect it.' " (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 189 (*Varian*).) Further proceedings in the action are stayed where they "directly or indirectly seek to 'enforce, vacate or modify [the]

21

appealed judgment or order' " or "substantially interfere with the appellate court's ability to conduct the appeal." (*Id*. at pp. 189-190.) The automatic stay of the disqualification order preserved the status quo regarding Oldman's representation of William's estate in the probate action.[6]

Weshler was not enjoined from filing the present action for professional negligence and breach of fiduciary duty against Oldman. Neither the automatic stay of the disqualification order in the probate action (nor the stay of the probate action granted at Linda's request) prevented Weshler from filing this separate action. (Cf. *Hoover v. Galbraith* (1972) 7 Cal.3d 519, 526, italics added ["Where it is *not possible* to bring an action to trial pending determination of an appeal in a related case, the time consumed on such appeal is impliedly excluded from the period of limitations"; judgment creditor could not bring suit to collect on a judgment until the judgment was final, and the statute of limitations to bring the action on the judgment was tolled while the appeal from the judgment was pending].) Oldman's disqualification from representing William's estate in the probate action is not a prerequisite for Weshler's causes of action for

_____

[6] Weshler claims *Varian* supports her position that the automatic stay of the disqualification order in the probate action, under section 916, prevented her from filing the present malpractice action. *Varian* did not concern the effect of the automatic stay on the filing of a *separate action*. Rather, *Varian* addressed "whether the perfecting of an appeal from the denial of a special motion to strike automatically stays all further trial court proceedings on the merits upon the causes of action affected by the motion" *in that same action*. (*Varian, supra*, 35 Cal.4th at p. 186.)

professional negligence and breach of fiduciary duty against Oldman in the present action.

Weshler argues the Court of Appeal had exclusive subject matter jurisdiction over attorney-client, breach of duty, and conflicts issues (e.g., whether Oldman owed her duties as successor trustee) while the automatic stay of the disqualification order was in effect, and therefore she *could not* file a malpractice action which embraced these issues until after the Court of Appeal's decision on the disqualification order was final. She maintains that without the Court of Appeal's opinion regarding these issues, she would have no basis to assert causes of action for professional negligence and breach of fiduciary duty against Oldman. Not so. Weshler did not require an appellate opinion on whether she had standing to bring a motion to disqualify Oldman in the probate court and whether the probate court's disqualification of Oldman was proper before she could bring an action against Oldman for malpractice and breach of fiduciary duty.

Weshler's preference to wait for a final Court of Appeal decision on disqualification before she filed the present malpractice action did not toll the statute of limitations in section 340.6. To the extent she was concerned about inconsistent conclusions by different courts regarding Oldman's duties to her and Oldman's conflicts of interest, she could have requested the trial court stay her malpractice action pending resolution of the appeal of the disqualification matter, after she filed the action within the statute of limitations period. "[T]rial courts have inherent authority to stay malpractice suits, holding them in abeyance pending resolution of underlying litigation." (*Adams v.*

23

*Paul* (1995) 11 Cal.4th 583, 593; *Coscia v. McKenna & Cuneo* (2001) 25 Cal.4th 1194, 1210-1211.)

## V.    Actual Injury

As set forth above, the statute of limitations in section 340.6 is tolled while the "plaintiff has not sustained actual injury." (§ 340.6, subd. (a)(1).) Actual injury constitutes "any loss or injury legally cognizable as damages in a legal malpractice action based on the asserted errors or omissions." (*Jordache Enterprise, Inc. v. Brobeck, Phleger & Harrison* (1998) 18 Cal.4th 739, 743 (*Jordache*).)

Here, actual injury occurred before the probate court disqualified Oldman in 2017. In her motion to disqualify, filed in June 2017, Weshler asserted William paid Oldman's legal fees with trust monies during the time William was engaging in trustee malfeasance and Oldman was assisting him. As set forth in her first amended complaint, Weshler seeks recovery of those same legal fees—$38,150—as damages in the present action. She also seeks to recover in this action "damages in protecting the Lee Trusts from harm caused by [Oldman]'s acts and breaches, including at least $300,000 in attorney fees and costs in an amount to be proven at trial"—a substantial amount of which was incurred by the time of Oldman's disqualification in November 2017.

Weshler argues the existence of actual injury from Oldman's professional negligence and breach of fiduciary duty was "depend[ent] on how the Court of Appeal ruled" on disqualification. In support of this argument, she quotes the following language from *Baltins v. James* (1995) 36 Cal.App.4th 1193, 1196: "If the existence or effect of a professional's error depends on a litigated or negotiated determination's outcome,

24

these decisions find actual injury occurs only when that determination is made." In *Jordache, supra,* 18 Cal.4th at page 761, our Supreme Court described the situation in *Baltins v. James* as follows: "[T]he alleged negligence in *Baltins v. James* was that the attorney predicted incorrectly how a court would resolve an issue in the future. Thus, the propriety of the legal advice, and hence the existence and effect of error, depended on the future resolution of the issue adversely to the client." Here, in contrast, Weshler, as successor trustee, sustained actual injury regardless of whether Oldman was disqualified from representing William's estate in the probate action.

Weshler posits that if the Court of Appeal concluded Oldman owed no duties to her as successor trustee, she would not be able to state a cause of action against Oldman for professional malpractice or breach of fiduciary duty. Her speculation as to how the Court of Appeal might rule on disqualification did not toll the statute of limitations for the present action. As our Supreme Court explained in *Jordache*: "Delaying recognition of actual injury until related litigation concludes would give a client who has sustained actionable damages, and who is aware of the attorney's error, unilateral control over the limitations period. This result would undermine the Legislature's purpose in enacting a statute of limitations." (*Jordache, supra,* 18 Cal.4th at p. 755.) Moreover, "An existing injury is not contingent or speculative simply because future events may affect its permanency or the amount of monetary damages eventually incurred." (*Id.* at p. 754.)

## VI. Continuous Representation Tolling

As set forth above, the statute of limitations in section 340.6 is tolled while the "attorney continues to represent the

25

plaintiff regarding the specific subject matter in which the alleged wrongful act or omission occurred." (§ 340.6, subd. (a)(2).) This tolling provision does not apply here.

The case on which Weshler relies in support of her continuous representation tolling argument is inapposite. In *Kelly v. Orr* (2016) 243 Cal.App.4th 940, 943, a successor trustee sued a law firm and attorneys "for professional negligence in relation to legal advice they provided to his predecessor trustee of the [t]rust." The trial court sustained the defendants' demurrer without leave to amend on the ground the action was barred by the one-year statute of limitations in section 340.6. The Court of Appeal reversed, concluding the statute of limitations was tolled under section 340.6, subdivision (a)(2) until the alleged date that the defendants ceased representation of the predecessor trustee (in her capacity as trustee). (*Id.* at pp. 943, 944, 949, 951.)

Here, Oldman ceased representing the office of the trustee of the Lee Trusts in 2015, when William died. Weshler, who stood in the shoes of the predecessor trustee, retained different counsel when she was appointed successor trustee in 2015. Thereafter, Oldman represented William's estate (Linda and Marilyn)—Weshler's adversary in the probate action Weshler filed against the estate. As the Court of Appeal concluded in affirming Oldman's disqualification from representing Weshler's estate against Weshler in the probate action: Weshler, in her capacity as successor trustee, stood in the shoes of the predecessor trustee, and thus Oldman owed her "the duties owed a *former client*—namely, duties of confidentiality and loyalty." (*Weshler v. Rosensweig*, *supra*, B287099, p. 9, italics added.) There was no continuous representation of the office of the trustee which would have tolled the statute of limitations.

26

## VII.  Estoppel

Weshler contends Oldman is estopped (both judicially and equitably) from asserting the statute of limitations defense here because it took the position in the probate action that its representation of William's estate against the trust did not pose a conflict of interest because Oldman had never represented Weshler and there was no attorney-client relationship between them, and Oldman had not received confidential information from her.  This argument lacks merit.

Judicial estoppel applies when:  "(1) the same party has taken two positions; (2) the positions were taken in judicial or quasi-judicial administrative proceedings; (3) the party was successful in asserting the first position (i.e., the tribunal adopted the position or accepted it as true); (4) the two positions are totally inconsistent; and (5) the first position was not taken as a result of ignorance, fraud, or mistake." (*Jackson v. County of Los Angeles* (1997) 60 Cal.App.4th 171, 183.)  The issue of whether Weshler stood in the shoes of the predecessor trustee for purposes of bringing an action for professional negligence and breach of fiduciary duty was not decided in the probate action.  To the extent Oldman took the position that Weshler did not stand in the former trustee's shoes for any purposes, in arguing she did not have standing to bring the motion to disqualify, Oldman was not successful in asserting that position—Oldman lost and was disqualified.  Judicial estoppel does not apply.

Nor does equitable estoppel.  "Among other things, equitable estoppel requires a showing defendants' conduct 'actually and reasonably induced plaintiffs to forbear suing' within the limitations period.  [Citation.]  Thus, when a defendant's conduct has deliberately induced the plaintiff to

27

delay filing suit, the defendant will be estopped from availing himself of this delay as a defense." (*Bergstein*, *supra*, 236 Cal.App.4th at p. 820.) Weshler's assertion that Oldman—her adversary's counsel—deliberately induced her to delay filing this malpractice action by taking a legal position in opposition to her motion to disqualify is patently unreasonable. Her equitable estoppel claim is not based on a concealment of information. Weshler, who was represented by her own counsel, had all the information she needed to make her own, informed legal conclusion on the issue.

For the foregoing reasons, the trial court did not err in sustaining Oldman's demurrer to Weshler's first amended complaint without leave to amend. On the face of the complaint, this action is barred by the one-year statute of limitations in section 340.6. There is no possibility Weshler can amend to avoid the time-bar.

## DISPOSITION

The order of dismissal is affirmed. Respondents are entitled to recover costs on appeal.

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

BENDIX, Acting P. J.                KELLEY, J.*

---

* Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

28